ADALINE B. PATE, Appellant, v. ROBERT C. PATE, Respondent.

May 14, 1878.

1. The plaintiff in a divorce suit must be a resident of this State at the time of the institution of the suit, though the cause of action accrued within this State and while one party resided here, and must, in any case, be a resident of the county in which the action is brought.

2. Where the wife is plaintiff in a divorce suit, she cannot sustain her action on her husband's domicile in Missouri.

3. It is not enough that jurisdiction in a divorce suit appears from the whole record: the libel must allege every fact the existence of which the statute makes necessary to the granting of the divorce; and when this is not done, substantially, the bill should be dismissed. Where a jurisdictional fact does not appear on the face of the petition, the court can take no valid step.

Appeal from St. Louis Circuit Court.

*Affirmed.*

Marshall & Barclay, for appellant : It is not necessary to allege a year's residence, where the cause of action accrued within this State. — *Cheatham* v. *Cheatham*, 10 Mo. 296. The jurisdiction is determined by the whole record, and not by isolated portions. — *Brown* v. *Woody*, 64 Mo. 548. A wife may sustain her action for divorce on the husband's domicile, though living abroad herself. — *Mastin* v. *Mastin*, 15 N. H. 159 ; *Harrison* v. *Harrison*, 20 Ala. 629 ; *Kashaw* v. *Kashaw*, 3 Cal. 312 ; *Davis* v. *Davis*, 30 Ill. 180.

S. Simmons, for respondent, cited *Cheatham* v. *Cheatham*, 10 Mo. 296 ; *Kruse* v. *Kruse*, 25 Mo. 68 ; *Cole* v. *Cole*, 3 Mo. App. 571 ; 2 Bishop on Mar. & Div., sects. 155, 720.

Bakewell, J., delivered the opinion of the court.

This is a bill for divorce. The defendant, after the answer and replication had been filed, moved to dismiss on the ground that the petition does not contain allegations essential to confer jurisdiction on the court, in that it is not alleged that plaintiff was a resident of St. Louis County when the petition was filed, and that it is not alleged that plaintiff has resided in this State for one whole year next before the filing of her petition. The motion was sustained and the bill dismissed ; and plaintiff appeals.

The petition alleges that the injuries complained of were committed by defendant within this State ; the marriage of the parties in 1857, and their cohabitation ; the good demeanor of the plaintiff; and the cause of divorce, which is alleged to be desertion. The answer avers that defendant is divorced from plaintiff by a decree of divorce obtained by him in the St. Louis Circuit Court in December, 1870. The reply is that that decree is null for fraud ; that plaintiff and defendant lived together in St. Louis as husband and wife in 1870 and since ; that in the summer of that year defendant requested plaintiff to return to her former place of

residence, near Lawrenceburg, Indiana, whilst he went to the races at Long Branch; that in compliance with that request she left Missouri temporarily, and that during her absence defendant fraudulently obtained a decree of divorce, by publication; that plaintiff never heard of this pretended decree until after this suit was begun, and that since the decree plaintiff and defendant have lived together as husband and wife in St. Louis.

The statute provides (Wag. Stats. 533, sect. 2) that proceedings for divorce shall be had in the county in which plaintiff resides. Our Supreme Court has expressly decided that under the provisions of this section the plaintiff in a divorce suit must be a resident of this State at the time of the institution of the suit. *Kruse* v. *Kruse*, 25 Mo. 68. Appellant contends that the case of *Kruse* v. *Kruse* is not in point, because in that case both parties were non-residents, and the cause of action did not accrue in Missouri. It is insisted that inasmuch as sect. 4 of the same statute (Wag. Stats. 534) provides that the petitioner must have resided in the State for one whole year next preceding the application unless the offence was committed within this State, or while at least one of the parties resided in the State, therefore the true construction of the law is that, where residence is necessary, the action must be brought where plaintiff resides, but that where the offence was committed within the State, or whilst one party resided here, residence of the plaintiff at the time of suit is not essential.

There is nothing whatever in this argument. The statute is too plain upon this point to need construction. The plaintiff must in any case reside in the county where proceedings are commenced, and cannot reside there without residing in the State. A glance at the statement of the case in *Kruse* v. *Kruse* will show that counsel is in error when he says that it appears that defendant in that case was a non-resident. But waiving that, we are of opinion that the second section of the Divorce Act is authoritatively

construed in *Kruse* v. *Kruse*. And were it not construed in that case, its meaning is unquestionably what Judge Scott there declares it to be.

It is further urged that from the whole pleadings it appears that defendant had a legal residence in St. Louis when the petition in this case was filed : *first,* because the statements of the answer imply residence of the defendant, and the domicile of the husband is the domicile of the wife ; and, *second,* because the reply avers that plaintiff and defendant lived together in St. Louis in 1870. The doctrine that where the wife is plaintiff in a divorce suit she may sustain her cause of action on her husband's domicile in the State where the action is brought, though living abroad herself, is held in many States ; but it is denied in North Carolina and New Hampshire ; and as appears by the case just cited, where the point is made in the brief of counsel, it is not held in Missouri. *Schonwald* v. *Schonwald,* 2 Jones Eq. 367 ; *Hopkins* v. *Hopkins,* 35 N. H. 474 ; 2 Bishop on Mar. & Div., sect. 127 ; *Cole* v. *Cole,* 3 Mo. App. 571.

It is not enough, however, that jurisdiction in a divorce suit appears from the whole record : the libel itself must allege every fact the existence of which is by statute made necessary to the granting of the divorce ; and when this is not done in the petition, substantially as required by statute, the bill should be dismissed. The allegation of the replication that plaintiff and defendant resided in St. Louis in 1870, would have been insufficient even if contained in the petition itself. In every case where a divorce is sought, it should appear plainly on the face of the petition that the facts giving jurisdiction to the court exist. "Where superior courts are engaged in the exercise of special and limited statutory powers," as is said by the Supreme Court in *Kansas, etc., Railroad Company* v. *Campbell,* 62 Mo. 588, "they and their records occupy the same footing and are subject to the same rules and tests as courts whose juris-

diction is special and limited.'' Where a jurisdictional fact does not appear on the face of the petition, it follows that the court can take no valid step. *Cole* v. *Cole, supra;* *Cheatham* v. *Cheatham*, 10 Mo. 296; *White* v. *White*, 45 N. H. 121; *Gist* v. *Loring*, 60 Mo. 487.

The Circuit Court committed no error in sustaining the motion to dismiss the bill, and the judgment is affirmed. All the judges concur.