NANNIE F. GANT, Respondent, v. W. F. GANT, Appellant.

Kansas City Court of Appeals, April 4, 1892.

Divorce: PLEADING: ALLEGATION OF RESIDENT OF COUNTY. In a petition for divorce it is not necessary to allege that plaintiff is a resident of the county in which the action was begun. (*Denying Pate v. Pate*, 6 Mo. App. 49.)

*Appeal from the Clay Circuit Court.*—HON. JAMES M. SANDUSKY, Judge.

TRANSFERRED TO SUPREME COURT.

*Deatherage & Young,* for appellant.

Plaintiff must allege in her petition that she is a resident of the county where suit is brought, and be a resident of the county in order to give the court juris diction. R. S. 1889, sec. 4501; *Pate v. Pate,* 6 Mo. App. 49; *Cole v. Cole,* 3 Mo. App. 571. The petition in this case does not state plaintiff was a resident of Ray county, where suit was brought.

*C. T. Garner, J. E. Ball* and *T. N. Lavelock,* for respondent.

(1) The statute provides that a suit for divorce must be instituted in the county where the plaintiff resides; but this was merely intended to prescribe the venue, a statement of which need not be embraced in the body of the petition. R. S. 1889, sec. 4501; *Werz v. Werz,* 11 Mo. App. 30. (2) The jurisdiction of a court of general powers is presumed until the contrary is shown. Brown on Jurisdiction, sec. 20, p. 52; *Werz v. Werz,* 11 Mo. App. 30; *Adams v. Cowles,* 95 Mo. 501.

GILL, J.—This is an action for divorce on the ground of cruel and barbarous treatment, and such as to render the condition of the plaintiff as wife of the defendant intolerable. The court below granted the prayer of the petition, and awarded a judgment for $1,000 alimony, and defendant has appealed.

When the case was called for trial the defendant interposed an objection to the introduction of any evidence, for the alleged reason that the petition fails to state that plaintiff was a resident of the county wherein the action was begun. The court overruled the objection, to which exception was saved; and this presents the question now for determination.

The court of appeals at St. Louis, in *Pate v. Pate* (6 Mo. App. 49), held that the failure of the plaintiff to allege in the petition that plaintiff then resided in the county where the suit was brought was fatal, and sustained the trial court's action in dismissing the case on account of the absence of such allegation. And, though this ruling was in a subsequent case (*Werz v. Werz*, 11 Mo. App. 26) somewhat questioned by Judge THOMPSON, it still remains unimpeached in that court. The foundation of this holding is that the provision of the divorce law (R. S. 1889, sec. 4501), which provides that "the proceedings shall be had in the county where the plaintiff resides," creates a jurisdictorial fact which must be set out in the petition.

We do not concur with the St. Louis court on this question. The practice in this state has been quite uniform to allege only the residence in the state for one whole year next preceding the filing of the petition, but it has never been supposed necessary, we think, to allege that the plaintiff resided in the county. The statutory provision that the suit for divorce should be instituted in the court of the plaintiff's residence was only intended to prescribe the venue, a statement of which need not be alleged in the body of the petition. We call attention to the remarks of Judge THOMPSON in the *Werz case, supra,* where good reasons, we think, are expressed against the decision of the same court in *Pate v. Pate.*

Owing then to this conflict in opinion, and following the constitutional mandate, we order this cause transferred to the supreme court for determination.