ANNA C. STANSBURY, Respondent, v. C. FULLER STANSBURY, Appellant.

Kansas City Court of Appeals, May 7, 1906.

1. **DIVORCE: Jurisdiction: Residence: Situs of Grievances.** A petition for divorce should allege plaintiff's residence within the state for a year next proceeding the filing of the petition, or that the grievances complained of were committed within the state or while one or both of the parties were in the state; and a failure to contain one or more of such allegations is fatal to the jurisdiction of the court. [Smith v. Smith, 48 Mo. App. 612 distinguished.]

2. ———: ———: **Circuit Court: Common Law: Judgment.** The circuit court in a divorce proceeding exercises a general jurisdiction on a special statutory subject according to the course of the common law—by which is meant according to the usual course obtaining in courts of comon law and courts of equity —rather than as a court of limited and special jurisdiction; and in any collateral attack upon the judgment the same presumptions are to be indulged in favor of the jurisdiction of the court as in cases where the court acts in virtue of its general powers.

3. ———: ———: **Pleading: Proof: Arrest.** The facts conferring jurisdiction must be pleaded as well as proven, and the jurisdiction may be questioned at any stage of the proceeding and an assault in motion in arrest is timely.

Appeal from Gentry Circuit Court.—*Hon. William C. Ellison,* Judge.

REVERSED AND REMANDED.

*McCullough, Aleshire, Showen* and *Sam H. Benson* for appellant.

(1)   Plaintiff's petition does not state facts sufficient to constitute a cause of action against the defendant nor to give to the court jurisdiction as it is nowhere alleged that plaintiff had been a resident of the State of Missouri for more than one year immediately preceding the filing of her petition. Defendant's motion in arrest, page 132 of the abstract, renews the objection to the jurisdiction of the court. R. S. 1899, sec. 2924; Collins v. Collins, 53 Mo. App. 470; Carter v. Carter, 88 Mo. App. 302; Johnson v. Johnson, 95 Mo. App. 329; Smith v. Smith, 48 Mo. App. 612.

*Peery & Lyons* and *James F. Wood* for respondent.

(1)   The record brought to this court clearly shows that the court had jurisdiction to render the judgment. (2)   A bill of exceptions, when signed and filed is a part of the record, and is to be considered of equal dignity and verity with any other part of the record. This rule is elementary. Jackson v. Fulton, 87 Mo. App. 228; Ross v. Railroad, 141 Mo. 390; McCord R. Co. v. Water Co., 181 Mo. 690; Hugumin v. Hinds, 97 Mo. App. 346. (3)   It is not essential that the facts conferring jurisdiction should appear by the record proper; it is sufficient if they appear by any part of the record. The question of jurisdiction must be tried by the whole record. All jurisdictional facts need not be alleged in the petition. Sutton v. Cole, 155 Mo. 213; Adams v. Cowles, 95 Mo. 501; Collins v. Kamman, 55 Mo. App. 464; State v. Schneider, 47 Mo. App. 676; Smith v. Smith, 48 Mo. App.

617; Cody v. Raymond, 1 Colo. 272; Brownfield v.
Weight, 9 Ind. 394; Godfrey v. Godfrey, 17 Ind. 6.
(4) "Whenever a party seeks the aid of a court of jus-
tice to enforce his rights, and submits his case and ob-
jections to the decision of a court, and invites it to de-
cide upon them, and makes no objection to the jurisdic-
tion until after the court has heard and adjudicated, he
is estopped from subsequently objecting to its decision
and the proceedings thereon." 1 Herman, Estop., p. 451,
sec. 389, and authorities cited. Rodman v. Moody, 14
Ky. Law 202; Coleman v. Farrar, 112 Mo. 54; State
ex rel. v. Spencer, 164 Mo. 48, Austin's Estate,
73 Mo. App. 61; 1 Thompson on Trials, sec. 693;
Mellor v. Railroad, 105 Mo. 466. (5) This evidence hav-
ing then been admitted without objection it became the
duty of the court to weigh it, and to declare its effect in
deciding the case. It was just as legitimately in the rec-
ord and was entitled to have its legal effect declared
as though it had been alleged formally in the petition.
If it had been an action at law, and evidence material
to the case were admitted without objection, though
inadmissible under the pleadings, it still becomes the
duty of the court to submit it to the jury and declare its
legal effect. Stewart v. Goodrich, 9 Mo. App. 125; Madi-
son v. Railroad, 60 Mo. App. 599; Mellor v. Railroad,
105 Mo. 470, 471; Albin v. Railroad, 103 Mo. App. 308.

JOHNSON, J.—Action for divorce. The petition
does not allege plaintiff's residence in the State during
the period required by statute, Revised Statutes 1899,
section 2924, nor that the offenses of which she complains
were committed within this State or whilst one or both
of the parties resided within this State. Defendant did
not attack the petition by demurrer or plea, but an-
swered to the merits and supplemented his answer with
a cross petition. At the hearing, plaintiff testified that
she and defendant were married in Stanberry, Gentry

county, in 1897, and that both had lived there continuously to the date of trial. This fact was not denied by defendant and it was further shown that the alleged acts of misconduct on the part of the defendant occurred at Stanberry. Plaintiff was granted a divorce and a judgment for alimony. Defendant in due time filed his motion in arrest, in which for the first time he raised the question of the jurisdiction of the court over the subject-matter. The motion was overruled and defendant appealed. There is, in the decree entered, a general finding "that the allegations of plaintiff's petition are true and that plaintiff is the innocent and injured party and entitled to the relief prayed for in her petition," but there is no express finding therein of any of the facts, the existence of one of which is made elemental to the cause of action by the terms of sec. 2924, R. S. 1899, which provides that, "No person shall be entitled to a divorce from the bonds of matrimony who has not resided within the State one whole year next before the filing of the petition unless the offense or injury complained of was committed within this State or whilst one or both of the parties resided in this State."

These facts seem to bring the case squarely within the rule followed by this court in Collins v. Collins, 53 Mo. App. 470; Carter v. Carter, 88 Mo. App. 302; Johnson v. Johnson, 95 Mo. App. 329. It is not denied that the existence of one of the facts mentioned in the statute is an indispensable element constitutive of the right to maintain an action for divorce and that without it the whole proceeding is *coram non judice* for lack of jurisdiction over the subject-matter, but it is insisted by plaintiff that the principle followed by the St. Louis Court of Appeals in Smith v. Smith, 48 Mo. App. 612, should be applied here to sustain the jurisdiction, because the jurisdictional facts under consideration are indisputably established by the uncontradicted evidence appearing in the bill of exceptions, which was filed and made a part of the record.

In that case, there was no averment in the petition relative to plaintiff's residence, but in the decree there was an express finding "that the plaintiff is and has been for at least one whole year last past previous to the commencement of this action a resident of the State." The Court, speaking through Judge ROMBAUER, said "even if in a proceeding for divorce, courts are to be held as exercising special statutory powers, yet it is sufficient to make their judgments valid if their jurisdiction appears from the entire record and it is not essential to the validity of their judgments that all jurisdictional facts should appear from plaintiff's petition." Accordingly, it was held that as the jurisdictional fact was adjudicated in the decree, its omission from the averments of the petition did not invalidate the judgment. It will be noticed that the case did not reach the St. Louis Court of Appeals by appeal or writ of error and, therefore, that tribunal was not dealing with a case brought to it by a direct proceeding, but with a judgment that had become a finality in the ordinary course of procedure.

In the case of Werz v. Werz, 11 Mo. App. 26, Judge THOMPSON, appears to have entertained the opinon (in which we concur) that with respect to actions for divorce the circuit court is to be regarded as exercising a general jurisdiction on a special statutory subject "according to the course of the common law — by which is meant according to the usual course obtaining in courts of common law and courts of equity," rather than as a court of limited and special jurisdiction and in an attack upon a final decree or judgment entered in such case, made in other than a direct proceeding, i. e., by appeal or writ of error, the same presumptions are to be indulged in favor of the jurisdiction of the court as in cases where the court acts in virtue of its general powers and according to the course of the common law. [Johnson v. Beazley, 65 Mo. 250.] This, evidently, was the view taken by Judge ROMBAUER in the Smith case and, in reaching the conclusion by which effect is given to the assumed ver-

ity of the recitals in the decree, in an attack delivered out of the ordinary course, he instanced with approval the case of Hansford v. Hansford, 34 Mo. App. 271, wherein it is held that, "Residence within the State for a year next preceding the institution of the suit is in all but the excepted cases a jurisdictional fact which must be averred and proved and a decree rendered upon a petition lacking this allegation is void *when questioned in direct proceeding between parties to the decree.*

We are of the opinion the principle followed in the Smith case does not obtain when the record is before the appellate court in a direct proceeding and had the decree before us recited the jurisdictional fact, nevertheless, its omission from the allegations of the petition would invalidate the whole proceeding.

It is so well settled that facts necessary to the conferring of jurisdiction over the subject-matter must be pleaded as well as proven that further discussion of the subject would be superfluous. It is equally as well settled that the question of jurisdiction may be raised at any stage of the proceeding and, therefore, its appearance for the first time in the motion in arrest was timely. [Planing Mill v. Short, 58 Mo. App. 320; Bray v. Marshall, 66 Mo. 122; Stone v. Corbett, 20 Mo. 354. The judgment is reversed and the cause remanded. All concur.