COULTER, Respondent, v. COULTER, Appellant.

St. Louis Court of Appeals, March 19, 1907.

1. **DIVORCE: Jurisdiction: Residence.** Under section 2924, Revised Statutes 1899, a petition for a divorce must state that the plaintiff has resided in this State one whole year *next* before filing the petition, in order to confer jurisdiction upon the court to entertain the case, unless the injury complained of was committed within this State, etc.; an allegation that the plaintiff has resided within this State "more than one year before the filing of the petition" is not sufficient.

2. ——: ——: **Defective Petition Aided by Averments of Answer.** Where, in an action for divorce by the husband, the petition failed to aver that the plaintiff had resided in this State one whole year next before the filing of his petition, this defect was not cured by an allegation of the answer that the defendant had resided in this State one whole year next before the filing of her answer, because the constructive residence of the husband, being the residence of the wife, is not sufficient, but his *actual* residence within the State is necessary, and because the answer was filed necessarily after the petition and the period mentioned could not cover one whole year next before the filing of the petition. The fact that the indignities complained of in the answer and cross-bill were committed in this State could not confer jurisdiction to entertain the petition which had no averment that the indignities therein alleged were committed in this State.

Appeal from Pemiscot Circuit Court.—*Hon. Henry C. Riley,* Judge.

REVERSED AND REMANDED.

*Jere S. Gossom* for appellant.

(1) The statute provides that "no person shall be entitled to a divorce from the bonds of matrimony who has not resided within the State one whole year next before the filing of the petition, unless the offense or injury complained of was committed in this State, or whilst one or both of the parties resided within the State." The petition fails to make this statutory allegation, but instead

only states that he has resided in Pemiscot, county, Missouri, more than one whole year before filing this petition. The allegation should have been, "one whole year next before filing the petition." As the offense charged was not alleged to have been committed in this State, or whilst one or both the parties resided within the State, the court had no jurisdiction of the cause. Stanbury v. Stanbury, 94 S. W. 566, 118 Mo. App. 427; Carter v. Carter, 88 Mo. App. 302; Collins v. Collins, 53 Mo. App. 470; Johnson v. Johnson, 95 Mo. App. 329; R. S. 1899, sec. 2924. In every case where a divorce is sought, it must appear plainly on the face of the petition that the facts giving the court jurisdiction exist; and if they do not appear on the face of the petition, the court does not acquire jurisdiction to take any valid step. Werz v. Werz, 11 Mo. App. 26. (2) The failure to allege in the petition the jurisdictional fact of residence is not cured or helped by the finding of said fact by the court in the decree where the record is before the appellate court in a direct proceeding, i. e., by appeal or writ of error. Smith v. Smith, 48 Mo. App. 616; Hansford v. Hansford, 34 Mo. App. 371.

*Ward & Collins* for respondent.

(1) The proposition seems well settled that this defect in respondent's petition, if defect it be, is cured by appellant's answer, after verdict and judgment, under the rule of "express aider." Donaldson v. Butler Co., 98 Mo. 163; Garth v. Caldwell, 72 Mo. 622; Dillard v. McLure, 64 Mo. App. 488; Beckman v. Insurance Co., 49 Mo. App. 607; Ins. Co. v. Tribble, 86 Mo. App. 550. (2) The defect in respondent's petition, if such there be, turns upon the rule of "express aider," which is a rule of pleading both under the code and common law, and which is to the effect, that an omission to state a material fact may be supplied by the pleading of the other party, which accomplishes all that could be done by an amended petition. Biss on Code Pleading (2

Ed.), sec. 437; McQuillin on Pleading, sec. 470; Bank v. Petit, 85 Mo. App. 503; Currell v. Railway, 97 Mo. App. 102; Hughes v. Carson, 90 Mo. 399; Henry v. Sneed, 99 Mo. 424; Allen v. Chouteau, 102 Mo. 318. (3) The proposition is well settled in this State, as well as elsewhere, that it is sufficient if jurisdiction appears from the entire record. Smith v. Smith, 48 Mo. App. 612; Carter v. Carter, 88 Mo. App. 302. (4) It is true that the appellate court will examine the evidence in a divorce suit for itself and reach its own conclusions; yet when the evidence is oral and conflicting (as it is in this case) much difference will be given to the findings of facts by the trial court, who saw and heard the witnesses testify, and observed their conduct on the stand. Lawlor v. Lawlor, 76 Mo. App. 637; Torlotting v. Torlotting, 82 Mo. App. 192; Million v. Million, 109 Mo. App. 683; King v. King, 42 Mo. App. 450.

NORTONI, J.—Plaintiff sued for divorce, alleging indignities, and upon a trial, the circuit court found the issues in his favor, whereupon a decree was entered to that effect, dissolving the bonds of matrimony existing between the plaintiff and defendant. We have carefully perused the entire record, but refrain from a statement of facts in proof for the reason that the case must be disposed of on a question arising on the pleading. The plaintiff in his petition, instead of averring that he had resided within the State "one whole year next before the filing of the petition," in conformity with the statute (R. S. 1899, sec. 2924), averred that he is a resident of Pemiscot county and "has resided within this State and county more than one year before filing this petition." The statute referred to is as follows:

"No person shall be entitled to a divorce from the bonds of matrimony who has not resided within the State one whole year next before filing of the petition, unless the offense or injury complained of was com-

mitted within this State, or whilst one or both of the parties resided within this State."

At the opening of the trial, the defendant assailed the sufficiency of the petition to confer jurisdiction by interposing an oral objection, which was overruled. In her motion in arrest of judgment, she again directed the court's attention thereto and upon it being overruled a second time, prosecutes this appeal.

It is indeed familiar law that the allegation of residence contained in this petition is insufficient to confer jurisdiction upon the court to proceed. Now, while it is not essential that the allegation should follow the precise language of the statute in this respect (Hinrichs v. Hinrichs, 84 Mo. App. 27), it should at least conform substantially thereto so that every material fact pertaining to the requisite residence of the plaintiff in the State and consequent jurisdiction of the court to hear and determine the cause, may be ascertained therefrom. The statute substantially prescribes as a condition upon which the court shall entertain the bill, that the plaintiff shall have resided in this State one whole year *"next before filing the petition,"* and this has been frequently adjudged to mean precisely what it says, and that one whole year's residence prior to the filing of the suit is not sufficient unless immediately preceding, nor is the broad allegation, short of that, sufficient to confer jurisdiction upon the court, for the reason that such whole year's residence may have been far removed from the time of the filing of the suit, whereas the residence contemplated by the statute is a whole consecutive year next immediately preceding the date of the institution of the suit, and this has been the adjudicated law in this State since Cheatham v. Cheatham, 10 Mo. 296. [See also Collins v. Collins, 53 Mo. App. 470; Carter v. Carter, 88 Mo. App. 302; Johnson v. Johnson, 95 Mo. App. 329, 68 S. W. 971; Stansbury v. Stansbury, 118 Mo. App. 427, 94 S. W. 566.] Indeed, there are instances in which the allegation and proof of one year's residence next before

the filing of the suit, may be obviated, as appears from the latter clause of the statute quoted, in the following language: "unless the offense or injury complained of was committed within this State or whilst one or both of the parties resided within this State." There is no attempt by the pleader, however, to bring himself within the purview of the provisions last quoted, therefore the question is to be resolved under the provisions of the statute pertaining to the residence of one whole year next before filing the petition. It may be that the plaintiff had been a resident of the State more than one year before the filing of the petition and still not be entitled to avail himself of the process and jurisdiction of our courts for the purpose of divorce in those cases when the offense or injury complained of was not committed within this State or whilst one or both of the parties resided within this State. He may be a resident of the county and have resided in the State but a few days next prior to the filing of his petition and still have resided in the State at some other time anterior thereto more than one year, in accord with his allegation. Such residence, however, would be wholly insufficient as a matter of proof, and so it is as a matter of averment, for it is the sound and eminently respectable policy of our law, in aid of the natural relation and as tending to discourage its severance, that the jurisdiction and process of the State shall be available only to those who have resided here at least one whole year immediately prior to the institution of the proceedings for divorce, and this renders it as nearly unavailable as comports with the practical administration of the law, to those persons who are in no sense *bona fide* residents seeking annulment of the marriage contract upon a mere temporary residence.

In support of the judgment, the plaintiff invokes the doctrine of express aider and advances the argument that this defect in the petition is cured or supplied by the averments of the defendant's answer and cross-bill.

There is no doubt that generally speaking, material averments omitted from the pleadings of one party may be cured, under the doctrine of express aider, by competent averments in the pleading of the adverse party. This is the rule both at common law and under the code with respect to formal defects.    [Chitty's Pleadings (Perkins), 16 Amer. Ed. 703 *et seq.;* Bliss, Code Pleadings (3d Ed.), 437; 2 Estee's Pleading (Boone) (4th Ed.), sec. 3165y; Pattison's Code Pleading, sec. 881; 1 McQuillin's Code Pleading, sec. 470; Donnelson v. Butler county, 98 Mo. 163, 11 S. W. 572; Garth v. Caldwell, 72 Mo. 622.]    Whether the allegation of the answer will supply the omission of a material jurisdictional fact, as in this case, is a question not free from doubt.    It was adjudged by this court in Pate v. Pate, 6 Mo. App. 49, an action for divorce, pending in a direct proceeding on appeal, that such averment in the answer would not supply the omission of the averment of a jurisdictional fact in the complaint, and it was said: "It is not enough, however, that jurisdiction in a divorce suit appears from the whole record.    The libel itself must allege every fact, the existence of which is, by statute, made necessary to the granting of the divorce."    The doctrine of this case was much shaken, however, subsequently, in Werz v. Werz, 11 Mo. App. 26, involving the sufficiency of a divorce petition on collateral attack in a very able, exhaustive and what seems to be a sound opinion of the court delivered by Judge Thompson.    And still later in Smith v. Smith, 48 Mo. App. 612, the validity of a judgment of divorce was attempted to be questioned by a petition for review in the nature of a collateral attack, because of the failure of the petition to allege the jurisdictional fact mentioned.    The court, through Judge Rombauer, expressly disapproved the case of Pate v. Pate, *supra,* holding that it was sufficient in that proceeding that the jurisdiction of the court appear from the whole record.    In neither of those cases was the question

presented in a direct proceeding, as here. To say the least, the law seems to be unsettled on this question in this jurisdiction; no one can read the two excellent opinions last mentioned without hesitating to affirm the doctrine of Pate v. Pate, however; and we find, in a case originating in the circuit court of the United States, where the plaintiff's petition was admittedly insufficient for his failure to aver the jurisdictional fact of diverse citizenship, on apeal in the Supreme Court of the United States, the same argument of express aider by the answer, as here, was advanced Chief Justice MARSHALL expressly declined to indicate an opinion "on the question whether any admission in the plea could cure an insufficient allegation of jurisdiction in the declaration." [Brown v. Keene, 33 U. S. (Peters) 112.] In view of the seeming unsettled state of the adjudicated law in this court, together with the evasion of the identical proposition by the learned Chief Justice, we are not inclined to give an opinion at this time on the question, inasmuch as the case may be properly disposed of otherwise. Whatever might be said as to whether or not the omitted jurisdictional allegation can be cured by averments of the answer, we find no sufficient allegation of fact contained therein to supply the deficiency. It is true the defendant's cross-bill does allege the residence of the defendant wife one whole year in this State next prior to filing her answer. Now, it is true as a proposition of law, generally speaking, that the residence of the wife is the residence of the husband; or in other words, in matters other than divorce, the law fixes the residence of the husband and the residence of the wife to be identical and a common way of expressing the doctrine is, says Bishop, that the "wife's domicile follows the husband's." [2 Bishop, on Marriage and Divorce, sec. 127.] It is well settled, however, that this constructive residence of the wife, arising by presumption of law, in the same State with that of her husband, is not sufficient to

confer jurisdiction on the court and sustain an action for divorce by her against him without an actual residence on her part in such State for the statutory period, for the statute contemplates the actual, as contradistinguished from the constructive residence of the plaintiff. [9 Amer. & Eng. Ency. Law (2 Ed.), 735.] And *a fortiori*, can the husband avail himself of the wife's constructive residence to confer jurisdiction of the court and sustain his action? Were the law otherwise, however, the allegation in the answer is not that she had resided in the State one whole year next prior to the filing by her husband the plaintiff, of his petition for divorce, but it is that she has resided in the State one whole year next prior to the filing of her answer which, of course, in the usual course of things, and as this record discloses, came into the case a few weeks after the filing of the plaintiff's petition. So as a matter of fact, were the plaintiff permitted to avail himself of this allegation on the theory of constructive residence, it would fall short of supplying the one year's residence on his part next before filing his petition.

It is said, however, that the allegation of the answer shows the indignities therein complained of were all committed in this State and therefore the defect of the petition is supplied and jurisdiction thus conferred. Now it must be conceded, for it is true, that there is no attempt on the part of either plaintiff or defendant to bring the suit within this provision of the statute and confer jurisdiction upon the court under the provision with respect to the injuries complained of having been "committed in this State," nevertheless it appears quite clear by inference that the several indignities complained of in the defendant's answer were all committed within this State. We are unable to appreciate how this fact can supply the defect in the plaintiff's petition, for every allegation by which the plaintiff charges indignities against his wife in the petition is specially tra-

versed and denied in the answer, and it is alleged therein that none of the several indignities complained of in the petition ever had any. existence in fact. How, then, could it be said that the allegation in defendant's answer and cross-bill supplied the plaintiff's allegations by showing that the offenses or indignities of which he complains were committed in Missouri? It is true that the averments of the answer show that the several offenses and indignities of which the defendant complains, were committed by the plaintiff against her in this State, but there is no word therein from which it appears that the offenses complained of by the plaintiff in his petition were committed in this or any other State. We have thus given the plaintiff the full benefit of the argument advanced by him in support of the judgment and for that reason have treated the case as one in which the jurisdictional defect contained in the petition could be supplied under the doctrine of express aider by competent allegations contained in the answer. On this question of law, however, we give no opinion.

For the reasons stated, the judgment will be reversed and the cause remanded with permission to plaintiff to amend his petition if he so advised. *Bland, P. J.,* and *Goode, J.,* concur.