## FANNIE ROBINSON, Respondent, v. RICHARD ROBINSON, Appellant.

St. Louis Court of Appeals. Submitted on Briefs June 9, 1910. Opinion Filed June 14, 1910.

1. DIVORCE: Pleading: Petition: Jurisdictional Facts. A petition for divorce failing to aver that plaintiff was a resident of the state and had resided therein one whole year next before the filing of the petition, and which also failed to allege that the offense or injury complained of was committed within the state, or while one or both of the parties resided therein, omitted jurisdictional averments required by section 2924, Revised Statutes 1899, and was therefore fatally defective.

2. ———: Judgment: Motion in Arrest. A motion in arrest of judgment in an action for divorce, on the ground the petition failed to state jurisdictional facts, was a direct, and not a collateral, attack on the judgment.

Appeal from New Madrid Circuit Court.—*Hon. Henry C. Riley,* Judge.

REVERSED AND REMANDED.

*Brewer* & *Riley* for appellant.

(1)   The circuit court had no jurisdiction because the petition of the plaintiff fails to state that she was a resident of the State of Missouri, and had resided in this State one whole year next before the filing of her petition, or that the offense or injury complained of was committed within this State, or whilst one or both of the parties resided within this State.   R. S. 1899, sec. 2924; Coulter v. Coulter, 124 Mo. App. 149; Standbury v. Standbury, 118 Mo. App. 427.

(2)   The question of the jurisdiction of the circuit court may be raised or assaulted for the first time by the motion in arrest of judgment. Standbury v. Standbury, supra 432.

*J. V. Conran* for respondent.

REYNOLDS, P. J.—We are compelled to reverse the decree in this case, which is a suit for divorce.   The petition is fatally defective in that it fails to aver that plaintiff is a resident of the State of Missouri and had resided in this state one whole year next before the filing of her petition, nor does it aver that the offense or injury complained of was committed within this state, or while one or both of the parties resided in this state.   Divorce in our state is entirely a statutory proceeding and under section 2924, Revised Statutes 1899, these omitted averments are jurisdictional; without them the court is proceeding without jurisdiction. It is true that the testimony of plaintiff is that she had been married to the defendant in New Madrid county elevens years prior to the date of the trial and "had been living all these years in New Madrid county."   But it can only be by inference concluded that the alleged indignities were committed in New Madrid county.

In the case of Stansbury v. Stansbury, 118 Mo. App. 427, 94 S. W. 566, while by the evidence it appear-

Robinson v. Robinson.

ed that the alleged acts of misconduct on the part of defendant occurred in Gentry county, the county of the circuit court before which the case was tried, as the petition did not allege plaintiff's residence in the state during the period required by statute, nor that the offenses of which she complained were committed within this state or while one or both of the parties resided within this state, the Court of Appeals of Kansas City held the defect fatal. Our court, in Coulter v. Coulter, 124 Mo. App. 149, 100 S. W. 1134, held practically the same way, leaving undecided, however, the question as to whether the lack of jurisdictional averments in the petition were cured by admissions in the answer or plea. That does not arise in this case. Nor in the case at bar, does the judgment of the circuit court, as in the case of Smith v. Smith, 48 Mo. App. 612, contain a recital of jurisdictional facts which brought the decision sustaining that judgment, when collaterally attacked, within the statute. This is not a collateral attack upon the judgment, as was the fact in several of the cases cited and referred to in Stansbury v. Stansbury and Coulter v. Coulter, supra, but is a direct attack upon the petition and upon judgment, made by motion in arrest in the case itself. For the reasons stated and on authority of the cases referred to, the decree in the case at bar is reversed and the cause remanded. All concur.