LOUISA AMERLAND, Respondent, v. HERMAN AMERLAND, Appellant.

St. Louis Court of Appeals. Argued and Submitted January 7, 1915. Opinion Filed February 2, 1915.

1. **PLEADING: Amended Petition: Aider by Original Petition.** An amended petition cannot be aided by the original petition, which was abandoned, and a judgment rendered under it must stand or fall according to the allegations contained in it.

2. **DIVORCE: Pleading: Jurisdictional Averments.** Under Sec. 2373, R. S. 1909, a petition, in an action for divorce, which fails to allege that plaintiff had resided within the State one whole year next before it was filed (unless the offense or injury complained of was committed within the State or whilst one or both parties resided within the State), is fatally defective and will not support a judgment.

Amerland v. Amerland.

3. ———: ———: ———: Aider by Abandoned Petition. Where the original petition, in an action for divorce, alleged the jurisdictional fact that plaintiff had resided within the State one whole year next before it was filed, as required by Sec. 2373, R. S. 1909, but the amended petition, under which the case was tried, failed to allege such jurisdictional fact, a judgment rendered for plaintiff cannot stand; the jurisdictional fact omitted from the amended petition not being supplied by the original petition, especially where the original petition was not introduced in evidence and hence did not become a part of the record.

4. PLEADING: Status of Abandoned Pleading. Where an amended pleading is filed, the pleading which is superseded cannot be considered unless it is introduced in evidence.

5. APPELLATE PRACTICE: Abandoned Pleadings: Prerequisites to Review. On appeal from a judgment rendered on an amended petition, the appellate court will not consider the original petition for the purpose of determining whether it supplies jurisdictional averments omitted from the amended petition, where the original petition was not introduced in evidence and preserved in the bill of exceptions.

6. DIVORCE: Pleading: Jurisdictional Averments: Cure by Cross-bill. The defect in a petition for divorce which did not allege that the offense complained of was committed in the State or whilst one or both of the parties resided within the State, arising from the failure to allege that plaintiff had resided within the State one whole year next before it was filed, as required by Sec. 2373, R. S. 1909, was not cured by a cross-bill filed by defendant over eight months after the petition was filed, averring that plaintiff and defendant were married in the State and that plaintiff continued to live with defendant as his wife from and after the date of such marriage and that defendant had resided within the State one whole year next before the filing of the cross-bill, since the cross-bill neither showed that the parties resided within the State at the time the offense complained of was committed nor that they had resided in the State one whole year next before the *petition* was filed.

Appeal from St. Charles Circuit Court.—*Hon. B. H. Dyer*, Judge.

REVERSED AND REMANDED (*with directions*).

*Theodore C. Bruere* for appellant.

(1)   The petition is fatally defective in that it fails to aver that plaintiff is a resident of the State of

Missouri, and had resided in this State one whole year next before the filing of her petition; nor does it aver that the offense or injury complained of was committed within this State, or while one or both of the parties resided in this State. Sec. 2373, R. S. 1909; Stansbury v. Stansbury, 118 Mo. App. 427; Coulter v. Coulter, 124 Mo. App. 149; Gordon v. Gordon, 128 Mo. App. 710; Roberson v. Roberson, 149 Mo. App. 733. (2) The court erred in admitting over the objection of the appellants communications between the appellant and respondent. These communications were not made in the presence of third persons and were privileged. Sec. 6359, R. S. 1909; Gruner v. Gruner, 165 S. W. 868; Ayres v. Ayres, 28 Mo. App. 97; Willner v. Willner, 14 Mo. App. 418; King v. King, 42 Mo. App. 454; Schierstein v. Schierstein, 68 Mo. App. 209; Brown v. Brown, 53 Mo. App. 453.

*C. W. Wilson* and *Wm. Waye, Jr.,* for respondent.

The objection that the amended petition failed to contain the allegation of residence should not be sustained. The original petition contained all the needed allegations. The court was vested with complete jurisdiction of the subject-matter and the parties, and did not lose it because by inadvertence and oversight of counsel the allegation as to residence was omitted in the amended petition. McGee v. McGee, 161 Mo. App. 40, 42; Garver v. Garver, 145 Mo. App. 355.

REYNOLDS, P. J.—The plaintiff, as appears by the abstract of the record filed by appellant, who was defendant below, commenced this action in the Circuit Court of St. Charles County, on the 6th day of October, 1911, upon which day summons issued and was served on defendant. On the 24th day of June,

1912, plaintiff filed an amended petition.    In this amended petition plaintiff states: "That on the 30th day of April, 1906, in the county of St. Charles, in the State of Missouri, she was lawfully married to defendant and that she continued to live with defendant as his wife from and after. the day and year aforesaid until the 25th day of May, 1911." Following this with the usual averments that plaintiff, during the time aforesaid, had faithfully demeaned herself and discharged her duties as the wife of defendant, it is averred that defendant, wholly disregarding his duties as the husband of plaintiff, offered to plaintiff continuously since the date of their marriage such indignities as to render her condition intolerable.    The alleged indignities are then set out, it being charged that by these indignities defendant had rendered the condition of plaintiff intolerable.    Averring that she is without means she prays for a divorce from the marriage contracted as aforesaid, and that she be adjudged support and alimony out of the property of defendant, praying for such orders, judgments and decrees as shall be proper in the premises.

For another cause of action it is averred that defendant is impotent, has been such through all the time of their marriage and was so before the marriage; that the disability is permanent and incurable and that plaintiff was ignorant of this at the. time of the marriage.    For this also she prays divorce, also praying restoration of her maiden name and an allowance for support and alimony.

In the affidavit to this petition it is set out that the facts stated are true according to the best knowledge and belief of plaintiff; that the complaint is not made out of levity or collusion, fear or restraint between plaintiff and defendant for the mere purpose of being separated from each other but in sincerity and truth for the causes mentioned in the petition.

On June 25, 1912, defendant appeared and filed his answer to the amended petition and also his cross-bill. The answer, admitting the marriage as alleged, denies each and every other allegation in the petition. In the cross-bill defendant sets up that he is the injured and innocent party; that he had faithfully demeaned himself at all times during the marriage and that on the 25th of May, 1911, plaintiff, without reasonable cause, absented herself from defendant for the space of over one year. Then follows this: "Defendant further states that he is now a resident of St. Charles county, State of Missouri, and has resided in said county and State one whole year next before the filing of this petition. Wherefore he prays for a divorce from the plaintiff and for such further orders and judgments touching the premises as to the courts will seem meet and just." Following this is the statutory affidavit.

A reply was filed to the answer and cross-bill, denying each and every allegation in the answer and cross-bill.

At the conclusion of the trial, the court, finding for plaintiff, entered up a decree dissolving the marriage. The decree sets out that the court found "that the charges in the plaintiff's amended petition set forth are just and true and that the plaintiff is the innocent and injured party and is justly entitled to be divorced from the bonds of matrimony heretofore contracted with the defendant upon the grounds and for the reasons set forth in both counts of her amended petition herein filed." Adjudging the divorce in favor of plaintiff, the restoration of her maiden name, Louisa Hackman, and that defendant forthwith pay to plaintiff, and that plaintiff have and recover of defendant, the sum of $150 for attorney's fees and expense of prosecuting this action in the circuit court and that she have execution therefor, the decree further awarded alimony in gross, ordering defendant to pay plaintiff

$3400 as alimony in gross and in full of her marital rights in his goods, effects and property, both real and personal, and that she have execution therefor according to law. The court found the issues in favor of plaintiff upon the cross-bill filed by defendant and entered up judgment on that against the defendant, awarding plaintiff costs. It was further ordered and adjudged, that as alimony *pendente lite,* the defendant pay to plaintiff the sum of $25 per month, payable the 15th day of September, 1912, and every month thereafter until the final disposition of this suit, whether that disposition is delayed or postponed by appeal or otherwise.

Filing a motion for new trial and excepting to the action of the court in overruling it, defendant duly perfected his appeal to this court.

This judgment is attacked by appellant on five grounds. First, that this court cannot look beyond the amended petition in determining the question as to whether or not that amended petition states a cause of action, the filing of the amended petition, it is claimed, being an abandonment of the original petition. Second, that the omission of the allegation as to residence in the amended petition is not cured by the fact that it appears by the evidence that plaintiff resided in St. Charles county, Missouri, continuously since the marriage and to the date of the trial. Third, the omission of the averment in the amended petition as to residence is not cured by the allegations contained in defendant's answer and cross-bill. The fourth and fifth assignments are to error in the admission of incompetent evidence over the objection of defendant, and that the evidence is insufficient to support the decree for divorce.

Turning to the first and second assignments, which practically raise the same point, we are obliged to hold, on authority, that the decree in this case must stand or fall according to the allegations contained in the

amended petition, and that it cannot be helped out by the original petition, which was abandoned. That has been the rule of decision in this State for many years, commencing with Basye v. Ambrose, 28 Mo. 39. It was so held in that case, construing what is now section 1857 of our Practice Act, which provides: "In every petition, answer, or reply, amendatory or supplemental, the party shall set forth in one entire pleading all matters which, by the rules of pleading, may be set forth in such pleadings, and which may be necessary to the proper determination of the action or defense." The rule announced in Basye v. Ambrose was followed in Young, Admr. v. Woolfolk, 33 Mo. 110; Ticknor v. Voorhies, 46 Mo. 110, and in Walker v. Wabash R. R. Co., 193 Mo. 453, 92 S. W. 83.

Our divorce statute (section 2373) provides in express terms: "No person shall be entitled to a divorce from the bonds of matrimony who has not resided within the State one whole year next before the filing of the petition, unless the offense or injury complained of was committed within this State, or whilst one or both of the parties resided within this State." Beyond question, neither of these necessary allegations are in this amended petition.

In Pate v. Pate, 6 Mo. App. 49, it is held that jurisdiction in a divorce suit must appear from the whole record; that the libel must allege every fact, the existence of which the statute makes necessary to the granting of the divorce, and when this is not substantially done the bill should be dismissed, and that where the jurisdictional fact does not appear on the face of the petition, the court can take no valid step.

It is true that in Werz v. Werz, 11 Mo. App. 26, and in Smith v. Smith, 48 Mo. App. 612, it was held that it was not essential to the validity of a decree of divorce, that all the jurisdictional facts should appear from plaintiff's petition but it is sufficient if the jurisdiction appears from the entire record. But it is to

be remembered that in each of those cases the decree of divorce was attacked in an action brought after the rendition of the decree to set the decree aside. It is expressly stated in the Smith case (l. c. 615), that the decree which had been entered, "among other things, recites, that the plaintiff is and has been for at least one whole year last past previous to the commencement of this action a resident of the State of Missouri."

The rule announced in Pate v. Pate, supra, is referred to and the decision in that case criticized, not however as applicable to the facts in that case in which the decree of divorce was attacked in the cause in which it had been rendered, but on the ground that the rule there could not be invoked for the purpose of impeaching the decree in a collateral proceeding. This is distinctly recognized by the Kansas City Court of Appeals in Stansbury v. Stansbury, 118 Mo. App. 427, 94 S. W. 566. Judge JOHNSON, who wrote that opinion, calling attention to the fact that Judge ROMBAUER, in his decision in the Smith case, supra, had cited with approval Hansford v. Hansford, 34 Mo. App. 262. In that case it is said by Judge ROMBAUER, who delivered the opinion (l. c. 270) : "Residence within the State for a year next preceding the institution of the suit, is in all but the excepted cases a jurisdictional fact which must be averred and proved, and a decree rendered upon a petition lacking this allegation is void when questioned in a direct proceeding between parties to the decree." Cole v. Cole, 3 Mo. App. 571, and Pate v. Pate, supra, are cited by Judge ROMBAUER in support of this. Judge JOHNSON further says in the Stansbury case (l. c. 432) : "We are of the opinion that the principle followed in the Smith case does not obtain when the record is before the appellate court in a direct proceeding and had the decree before us recited the jurisdictional fact, nevertheless, the omission from the allegation of the petition would invalidate the whole proceeding. It is

so well settled that facts necessary to the conferring of jurisdiction over the subject-matter must be pleaded as well as proven that further discussion of the subject would be superfluous.''

In the case at bar it will be noted that the decree contains no recital of a finding of this jurisdictional fact.

In Coulter v. Coulter, 124 Mo. App. 149, 100 S. W. 1134, Judge Nortoni, speaking for our court, held that under the section we have quoted from our divorce law, the petition must state that the plaintiff had resided in this State one whole year next before filing the petition in order to confer jurisdiction upon the court to establish the case, unless the injury complained of was committed within this State, and that an allegation that the plaintiff has resided within this State more than one year before the filing of the petition is not sufficient.

In Gordon v. Gordon, 128 Mo. App. 710, 107 S. W. 410, it was held that the petition containing no averment that the plaintiff had resided within this State one whole year next before the filing of the petition, or that the grievances complained of were committed within the State whilst one or both of the parties resided therein, was fatally defective, our court adding that ''neither in the answer, decree nor elsewhere, is there any averment or finding of the requisite jurisdictional fact to aid the petition, if it could be aided,'' the court adding that this latter is ''a point we do not decide.''

In Garver v. Garver, 145 Mo. App. 353, 130 S. W. 369, while the word ''next,'' with reference to residence was omitted, the averment of the petition was that the residence had been ''continuously for the last ten years.'' This, the Kansas City Court of Appeals says was sufficient; that the exact words of the statute need not be followed so long as the substantial averment was there, and that, as used in this petition, the

words "the last ten years," undoubtedly referred to the ten years immediately preceding the institution of the action.

In Robertson v. Robertson, 149 Mo. App. 733, 129 S. W. 725, our court held that a petition for divorce failing to aver that plaintiff was a resident of the State and had resided therein one whole year next before the filing of the petition, and which also failed to allege that the offense or injury complained of was committed within this State or while one or both of the parties resided therein, was fatally defective, these jurisdictional facts having been omitted.

In McGee v. McGee, 161 Mo. App. 40, 143 S. W. 77, it seems to have been held that the omission in the amended petition was defective in that it merely averred that plaintiff had resided one whole year in the county of Jackson, State of Missouri. The court holds that this defect seemingly was the result of mere inadvertence and ought not to be regarded, while it distinctly held that "the filing of the amended petition, of course, was an abandonment of the original petition and the plaintiff must stand or fall on his amended petition." The learned judge who wrote the opinion in the McGee case, however, said (l. c. 42): "Had the original petition omitted to make the necessary allegation, we would have had nothing from which to infer that the omission in the amended petition was an inadvertence —a clerical mishap." It would appear from this that the original petition was before the Kansas City Court of Appeals, and that it referred to that to help out what is called "inadvertence" in the amended petition, a position hardly consistent with what is said in the same opinion as to the amended petition being an abandonment of the original petition. If that is meant, we are obliged to say that the decision is out of line with the great weight of authority; out of line with

the decisions of this court and of the Kansas City Court of Appeals.

So we have before us a petition in which the necessary jurisdictional averments are absent, that is to say, an amended petition, and hence an entire absence of averments of facts necessary to jurisdiction over the cause in the trial court.

In the case at bar the original petition was not introduced in evidence, is not called for in the bill of exceptions, and is not in the abstract. Learned counsel for respondent have endeavored to supply this by what they call "a supplemental abstract," in which they have set out this original petition. Their argument is that we may look to this original petition for the purpose of supplying the absent jurisdictional averments in the amended petition.

That cannot be done, bearing in mind that this original petition was not offered in evidence and is not preserved by the bill of exceptions in the case. As covering this point our Supreme Court in Missouri Pacific Ry. Co. v. Continental National Bank, 212 Mo. 505, l. c. 517, 111 S. W. 574, has said:

"Neither was the original petition introduced in evidence and preserved in the bill of exceptions. In this condition of things, it became *functus officio,* and though printed and brought here by defendants and though we are pressingly invited to look at it in aid of defendant's point of abandonment of the theory of banker and depositor, yet to do so would be to go outside of the record, which we may not do; hence, the amended petition must speak for itself without aid of any interpreting sidelight from abandoned petitions."

So it was held in Forrister v. Sullivan, 231 Mo. 345, 132 S. W. 722, where at page 352, it is said as to an abandoned petition: "They had a last shot left in their locker on that score, viz., the right to introduce the abandoned bill as evidence, as an admission by plaintiff against his interest. . . . But they did

not use it by putting it in evidence. It nowhere appears in the bill of exceptions as an evidentiary fact, where alone it could be so preserved for appellate use. Dead as a *pleading,* it could spring to life as *evidence* in no other way. . . . Therefore we may not consider it on the merits of the case.''

To the same effect is Campbell v. Boyers, 241 Mo. 421, l. c. 430, 145 S. W. 807. Our own court in Meux v. Haller, 179 Mo. App. 466, l. c. 471, 162 S. W. 688, has said:

''The original statement filed before the justice is not included in appellant's bill of exceptions, nor there called for. It was an abandoned pleading, and could be made a part of the record as a matter of exception; and not having thus been incorporated into the record, it is not before us.''

But it is said that this omission in the amended petition is helped out by the answer and cross-bill. We cannot agree that the averments of the answer and cross-bill, when considered, do, as a matter of fact, supply the omission. The amended petition states that ''on the 30th day of April, 1906, in the county of St. Charles in the State of Missouri, she (plaintiff) was lawfully married to defendant and that she continued to live with defendant as his wife from and after the day and year aforesaid until the 25th day of May, 1911.'' There is not a suggestion in this paragraph, or introductory clause of the petition, even suggesting where the parties lived during their married life. It is true that it alleges that they were married in St. Charles county, in this State, but that is all. Where they lived from that time on, least of all where they were living for one year next preceding the institution of the action, nowhere appears.

The answer, after a general denial of all the allegations in plaintiff's petition, except the allegation as to marriage of the parties, sets up in the cross-bill, as we have seen, that defendant is the injured party; that

plaintiff deserted the defendant on the 25th day of May, 1911, without a reasonable cause, and it is then averred that defendant is now a resident of St. Charles county, in the State of Missouri, and has resided within said county and State one whole year "next before the filing of this petition." What petition? Evidently his cross-petition, cross-bill, as it is called. Carrying that year back from the time of the filing of that cross-bill carries it back to the 25th day of June, 1911. Plaintiff filed her petition on the 6th day of October, 1911. That was long within the necessary one year. So that as far as this is concerned, and referring to the matters therein pleaded, this cross-bill in no manner helps out the defect in the amended petition. So our court held in Pate v. Pate, supra.

Our court in Coulter v. Coulter, supra, citing Pate v. Pate, supra, and the criticisms which had been made upon it in Werz v. Werz, and Smith v. Smith, supra, and also citing Chief Justice Marsahll in Brown v. Keene, 8 Peters, 112, has declined to express an opinion as to whether any admission in the pleading could cure an insufficient allegation of jurisdiction in the declaration, holding that it was not thought necessary to give an opinion on that as the case could be properly disposed of on other grounds. So it is here, and not deciding the legal proposition, we here hold that we find no sufficient allegation of fact in the cross-bill of defendant which supplies the deficiency in the amended petition of defendant.

It follows that the trial court had no jurisdiction of the cause. Its judgment is reversed and the cause remanded with directions to dismiss the action. *Nortoni* and *Allen, JJ.,* concur.