JULIA MARIE GOODING, RESPONDENT v. LESLIE A. GOODING, APPELLANT.
—197 S. W. (2d) 984.

Kansas City Court of Appeals. November 18, 1946

*C. O. French,* for appellant.

*Marion D. Waltner* and *Clarence C. Chilcott* for respondent.

SPERRY, J.—Respondent was plaintiff and the appellant was defendant in a divorce proceeding instituted by respondent by filing her petition in the circuit court of Jackson County March 29, 1945. The petition alleged the marriage of the parties on May 20, 1907. The decree was sought on the ground of numerous specified indignities consisting of cruel treatment of the plaintiff, willful neglect and desertion, and the refusal to provide for plaintiff and their eight children born of the marriage. Plaintiff sought the allowance of alimony in gross and attorney fees.

On August 4, 1945 the defendant, by leave of court, filed his amended answer and cross petition in which he admitted the marriage as alleged and denied every other allegation in the petition. And further answering by way of cross petition, defendant alleged various acts and conduct on the part of plaintiff in which he characterized the plaintiff as treating him "with such harshness and contempt and subjecting him to such indignities as to render his condition in life with plaintiff intolerable and impossible." Various recitals are then made of what is claimed to have been disrespect and misconduct on the part of plaintiff towards defendant, for all of which the defendant prayed the court to dismiss plaintiff's petition and to decree that he was the innocent and injured party and to grant him a decree from the bonds of matrimony. The case was tried upon the petition and crossbill above described.

After an extended hearing the trial judge took the case under advisement and on December 11, 1945, entered a decree in favor of the plaintiff and against defendant in which it was recited that "the

court finds the allegations in plaintiff's petition are true; that plaintiff is the injured and innocent party and entitled to the relief prayed." A decree was therefore entered dissolving the bonds of matrimony and plaintiff was awarded alimony in gross in the sum of $4500, and an attorney's fee in the sum of $300.

Defendant in due time filed a motion for new trial, one ground of which was alleged to be that the court was without jurisdiction to render and enter judgment in the case. The motion was overruled, defendant filed due notice of appeal, and filed a transcript of the record here as required by law.

Appellant presents the point and seeks reversal of the judgment on the ground that the judgment is void because the trial court was without jurisdiction over the subjectmatter of the action. Lack of jurisdiction is claimed because the petition does not contain any averment that the plaintiff had resided within this state one whole year next before the filing thereof, or that the offenses complained of were committed within this state while one or both of the parties resided therein as required by Sec. 1517, Revised Statutes Missouri 1939, as amended by the Laws of Missouri 1943, page 398.

The alleged defect of the petition is disclosed by an examination of a copy thereof as shown in the abstract. The petition does not allege that plaintiff had resided within this state one whole year next before the filing of the petition, nor is there any statement that the offenses complained of were committed within this state or while one or both the parties resided within the state, and there is no statement which could be said to be in substantial compliance with the requirements of the statute. The section of the statute above referred to and as amended in 1943, reads as follows:

"No person shall be entitled to a divorce from the bonds of matrimony who has not resided within the state one whole year next before filing of the petition, unless the offense or injury complained of was committed within this state, or while one or both of the parties resided within this state. *Provided, however,* that when the plaintiff shall have resided within this state one whole year next before the filing of petition and the defendant shall plead and prove sufficient facts as provided in this article, which shall entitle such defendant to a divorce, the same shall be granted although the defendant may not be a resident of this state prior to or at the time such divorce be granted."

A similar statute, with the exception of the proviso added in 1943, has been in effect in this state many decades. Under numerous adjudications beginning with Cheatham v. Cheatham, 10 Mo. 296, it has been determined that in order to confer jurisdiction upon the trial court in a divorce case the petition must allege one or the other of the statements contained in the statute. No later Supreme Court case upon the point has been cited by either party, and it does not appear that the ruling in the Cheatham case has ever been questioned as

the settled law of this state to the effect that a petition in a divorce case which fails to state one or the other of the jurisdictional facts as required by the statute is insufficient to support a judgment against a direct attack by appeal.

Appellant cites many cases determined in this court and in the St. Louis Court of Appeals which fully sustain his contention. Among them are Amerland v. Amerland, 188 Mo. App. 50, 173 S. W. 104; Stansbury v. Stansbury, 118 Mo. App. 427, 94 S. W. 566; Robinson v. Robinson, 149 Mo. App. 733, 129 S. W. 725; Barricelli v. Barricelli, 300 S. W. 1032. The opinion in the Amerland case is particularly interesting and instructive in that it contains a review of many cases and clearly determines the prevailing law in this state according to the adjudged cases and in accordance with appellant's contention. The Stansbury case, *supra*, is to the same effect. In a consideration of that case the court states, l. c. 430: "It is not denied that the existence of one of the facts mentioned in the statute is an indispensable element constitutive of the right to maintain an action for divorce and that without it the whole proceeding is *coram non judice* for lack of jurisdiction over the subject-matter." The opinion then proceeds to point out the distinction and the different rules applicable to the determination of a case when the judgment is questioned by a direct appeal, and when an action is instituted to set aside a decree which had become final. In conclusion the court states on page 432: "It is so well settled that facts necessary to the conferring of jurisdiction over the subject-matter must be pleaded as well as proven that further discussion of the subject would be superfluous."

The contention is made in behalf of respondent that the court had jurisdiction of the subject-matter of the action because the evidence showed that every jurisdictional requirement had been fulfilled; that the parties appeared, contested every issue, and thereby subjected themselves and their litigation to the jurisdiction of the court, and the judgment should be affirmed. It is argued that the amendment of Sec. 1517 above referred to manifests a change in public policy and that by virtue of said enactment and the new general Code of Civil Procedure, particularly Sec. 82 of the Laws of Missouri 1943, the question of jurisdiction is to be determined from the whole record and not by a purely technical allegation in a pleading.

These contentions are not valid and cannot be sustained because proof of facts that would show jurisdiction cannot cure the defects in a petition which fails to state the facts necessary to confer jurisdiction upon the court. Even though the court in determining the case would find that the jurisdictional facts did exist and recited them in in the decree, nevertheless their omission from the allegations of the petition would invalidate the whole proceeding. Stansbury v. Stansbury, 118 Mo. App. 427, l. c. 432, 94 S. W. 566; Robinson v. Robinson, 149 Mo. App. 733, 129 S. W. 725. Obviously the courts have so de-

clared the law because there was no action lawfully pending before the trial court in which it was authorized to make findings or to render judgment.

We cannot concur in respondent's suggestion that the amendment of Sec. 1517 indicates any change of public policy in any manner except in so far as that covered by the *proviso* which cannot be interpreted as a legislative intent to modify any of the preceeding part of said section.

Respondent makes the rather unusual suggestion that "all the law of the old cases interpreting the statute as requiring an allegation of residence or that the offenses were committed in Missouri, is purely case-made law." If that be true, the legislature would have known it, and if dissatisfied therewith the lawmakers would have indicated some intention to change the statute in order to obviate the construction theretofore made of it.

Sec. 82 of the Civil Code of Missouri, shown in Laws of Missouri 1943 at page 378, is the following:

"When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings. Such amendment of the pleadings as may be necessary to cause them to conform to the evidence and to raise these issues may be made upon motion of any party at any time, even after judgment; but failure so to amend does not affect the result of the trial of these issues. If evidence is objected to at the trial on the ground that it is not within the issues made by the pleadings, the court may allow the pleadings to be amended and shall do so freely when the presentation of the merits of the action will be subserved thereby and the objecting party fails to satisfy the court that the admission of such evidence would prejudice him in maintaining his action or defense upon the merits. The court may grant a continuance to enable the objecting party to meet such evidence."

'It is respondent's claim, as we understand counsel, that this section of the Code would authorize an amendment of the petition in accordance with the evidence which showed the jurisdictional facts to exist; that the petition should be considered as so amended in accordance with the facts; and that failure on the part of plaintiff to so amend "does not affect the result of the trial of these issues."

It is true, as respondent contends, that the evidence in the case would be sufficient to authorize a finding that plaintiff and defendant did reside in the State of Missouri for the requisite length of time and that the various indignities complained of were committed within the state while the parties resided therein. But we have seen according to the authorities heretofore cited that allegations which are necessary in a petition in order to confer jurisdiction of a cause in a divorce case cannot be supplied by proof. If there was no jurisdiction of the subject-matter such as we find in this case on account of defects of

the petition, the court had no power or right to find or determine the existence of jurisdictional facts for the simple reason that the trial judge was not invested with any authority to entertain the cause. There was no case legally pending, and the only power the trial court had was to refuse to entertain it and to dismiss the action. It is clearly our view in the pending case that jurisdiction of the subject-matter was not a triable issue. We are also clearly of the opinion that the legislative intent in enacting Sec. 82 of the new Code was not to permit a trial of issues affecting jurisdiction in such a case. The purpose of such section was to liberalize the allowance of amendments to include triable issues covered by the evidence without objection, although such issues were not raised by the pleadings. It must be assumed also that the issues thus permitted to be raised are pertinent to and materially affect the merits of a legally pending action.

Respondent cites and relies upon the cases of Johnson v. Johnson, 141 S. W. (2d) 229, and Pike v. Pike, 193 S. W. (2d) 637, as indicating a more liberal construction of Sec. 1517 of the divorce statute and a departure from the former adjudications. An examination of these cases, their facts, and the issues actually decided, renders them not in point and of no support for respondent's claim.

The conclusion in this case which we feel constrained to announce is that the trial court had no jurisdiction of the cause on account of the defects referred to in plaintiff's petition, and the court had no authority to hear the case, render judgment, or take any other action than to dismiss the suit. Such conclusion has rendered it unnecessary to state the facts supported by the evidence shown in the transcript. It has been observed, however, that the proof in behalf of plaintiff was ample in all respects to justify a decree in her favor, and such a decree would undoubtedly be sustained and approved by this court if the trial court had been possessed of jurisdiction and power to hear and determine the case.

As a result of the foregoing, the judgment must be reversed and the cause remanded with direction to dismiss the action without prejudice to the plaintiff in the institution of another action. The Commissioner so recommends. *Sperry, C.,* concurs.

PER CURIAM:—The foregoing opinion of Boyer, C., is adopted as the opinion of the court. The judgment is reversed and the cause remanded with direction to dismiss the action without prejudice to the plaintiff in the institution of another action. All concur.