Junior Lee LESTER, Plaintiff-Appellant,

v.

Bonny Sue LESTER, Defendant-Respondent.

No. 33466.

St. Louis Court of Appeals, Missouri.

Feb. 24, 1970.

Fordyce, Mayne, Hartman, Renard & Stribling, P. Terence Crebs, St. Louis, for plaintiff-appellant.

Flynn, Parker & Badaracco, Norman C. Parker, St. Louis, for defendant-respondent.

SMITH, Commissioner.

This is a divorce case in which the only question on appeal is the correctness of the award by the trial court of attorney's fees to defendant-wife upon a judgment for divorce in her favor.

The action was originally commenced by plaintiff-husband under a petition charging general indignities. Defendant answered and filed a cross-bill, also charging general indignities. Plaintiff dismissed his petition, without prejudice, on the day of the hearing. Although the matter was tried only on defendant's cross-bill, plaintiff contested defendant's claim that she was entitled to a divorce. Defendant was granted a divorce, denied alimony and awarded attorney's fees in the amount of $500. Plaintiff appealed only from the award of attorney's fees. The parties stipulated in the trial court that $500 was a reasonable fee so the reasonableness of the fee is not before us.

Plaintiff contends that the award of attorney's fees in a divorce action to the wife is not automatic, but must be based upon evidence of her need to have the expense of the litigation borne by the husband. Plaintiff then contends that no evidence in this record supports the award and that the award therefore was an abuse of discretion.

■ The power of a court to award attorney's fees to the wife in a divorce action is grounded upon the premise that she is entitled to litigate her rights and is not to be precluded from doing so because the family money is controlled by the husband. The award of attorney's fees is not based upon who prevails in the divorce action; it is not a punishment device; it is not to be automatically made because she is the wife. The award must be made upon the circumstances of the case which in turn encompass the necessities of the wife and the ability of the husband to pay. If the wife is possessed of sufficient means of her own to prosecute the divorce suit, then there is no reason for requiring the husband to finance her side of the litigation. Klamberg v. Klamberg, Mo.App., 428 S.W.2d 889 [8]; Baer v. Baer, Mo.App., 51 S.W.2d 873 [13–15].

■ Great discretion is vested in the trial court in determining the circumstances under which an award will be made and the amount. But over the threshold of such discretion must cross evi-

dence establishing the need of the wife to have the expense of the litigation borne by the husband. It is this need which warrants the award. Of course, it is not necessary that the wife be destitute to entitle her to an award, nor that she have no income. Graves v. Wooden, Mo.App., 291 S.W.2d 665 [12–15]. A court may compare the means of the wife with those of the husband and if she has little means and if the disparity of the means is great enough it is equitable and reasonable that she look to her husband for payment of attorney's fees. Rutlader v. Rutlader, Mo. App., 411 S.W.2d 826 [4]. The various matters which almost invariably enter into the consideration of the court in determining awards of alimony and of attorney's fees were set forth by this court in Ridgley v. Ridgley, Mo.App., 370 S.W.2d 679 [5–8] and need not be repeated here.

■ The testimony of the wife (husband did not testify) established that wife makes $630 per month gross, or $7500 per year. Husband made $8800 in 1967. Wife's daughter by a prior marriage is married, and there are no children from wife's marriage to plaintiff. No evidence was adduced of debts which the wife might have, unusual expenses, support for any relative, unusual medical bills, or anything else which would demonstrate a necessity for the husband to pay the cost of the litigation. The health and ages of the parties are undisclosed. There was no evidence that husband is possessed of any estate other than his income, and no showing of what his unusual expenses might be. There was no showing what estate, or lack thereof, the wife has, nor was she asked if she could reasonably bear the cost of her litigation. There was evidence that she had a $4000 interest in a retirement fund at her place of employment, but since this was not available to her except upon death or cessation of employment we do not believe it properly an asset of hers for purposes of this case.

■ Essentially, the evidence shows an income to the wife of $7500 per year and an income to the husband of $8800. Without more, such evidence is insufficient to support even a discretionary conclusion that it is necessary that husband bear the wife's expenses of the litigation.

■ We are not unmindful that husband commenced this litigation and that wife was forced to defend to establish her innocence and entitlement to divorce. This is a circumstance which may be considered by the trial court in determining whether an award should be made. Weiss v. Weiss, Mo.App., 392 S.W.2d 646 [4]. It cannot however, form the sole basis for an award where, as here, the evidence shows little difference in the income level of the parties and a sufficient income in the wife to allow her to bear the expense of the litigation.

The portion of the judgment allowing defendant an attorney's fee against plaintiff is reversed and remanded for such further action as the court and parties may desire to take in accord with this opinion. In all other respects the judgment is affirmed.

PER CURIAM.

The foregoing opinion by SMITH, C., is adopted as the opinion of this court. Accordingly, the portion of the judgment allowing defendant an attorney's fee against plaintiff is reversed and remanded for such further action as the court and parties may desire to take in accord with this opinion. In all other respects the judgment is affirmed.

WOLFE, P. J., and BRADY and DOWD, JJ., concur.