**Edna M. EAMES, Respondent,**

v.

**Sgt. Arthur Lee EAMES, Appellant.**

**No. 25503.**

Kansas City Court of Appeals, Missouri.

Feb. 1, 1971.

Allan J. Fanning, Kansas City, for appellant.

J. Nelson Thompson, Kansas City, for respondent.

MAUGHMER, Commissioner.

Defendant-husband in a divorce suit appeals from the judgment entered on March 6, 1970, which awarded the plaintiff-wife temporary alimony, child support and an attorney fee.

Edna M. Eames, plaintiff, filed her petition for divorce in the Circuit Court of Jackson County, Missouri, on February 13, 1969. Among other allegations were the following:

1. "That she is a bona fide *citizen* of Kansas City, Jackson County, Missouri,

and has been such continuously for more than one whole year next preceding the filing of this petition."

2. "That the defendant is not a resident of this state * * * and is now a member of the Armed Forces of this country * * *."

3. "The parties were married on August 3, 1968, at New Orleans, Louisiana and lived together until December 15, 1968."

4. "That there were no children born as a result of this wedlock, but that defendant is the father of a child born to plaintiff on the 8th day of March, 1964, named La Monte Grant."

5. "That the plaintiff is without sufficient funds to prosecute this action for divorce, but the defendant is an able-bodied man capable of providing this plaintiff with the necessities of life and is now gainfully employed."

In addition to a divorce, plaintiff prayed for allowance of an attorney fee, child support and for costs, but did not ask for alimony.

We now refer to pertinent occurrences thereafter.

1. On August 4, 1969, defendant entered his special appearance and filed a motion to dismiss for lack of jurisdiction, alleging that plaintiff had not resided in Missouri for one whole year next preceding the filing of her petition and that her petition did not so allege.

2. On August 18, 1969, the defendant filed a pleading styled "Appearance, Answer and Waiver". Therein he stated that he voluntarily entered his appearance; that he was a member of the Armed Forces but waived his rights under the Soldiers' and Sailors' Act, denied generally all allegations of the plaintiff's petition, but consented that trial and disposition could be had at any time and without any further notice to defendant.

3. On August 19, 1969, the plaintiff filed a motion styled "Resistance to Motion to Dismiss and Motion for Temporary Alimony, Child Support and Attorney's Fees." Therein plaintiff alleged that she was "born in the State of Missouri and has never relinquished her residence in Missouri" and "that many of the offenses or injuries complained of in her petition for divorce were committed in the State of Missouri." This motion did not purport to be an amended petition nor was an amended petition ever filed.

Thereafter from time to time over a period of several months each party filed notices of intention to call up the pending motions, but the same were not heard. The transcript recites the following entry by the court on February 13, 1970: "To submit affidavits next week." The record contains no stipulation entered into by the parties agreeing that affidavits might be received and be considered as evidence. However numerous affidavits were filed. One such by defendant alleged that the plaintiff and defendant after their marriage resided in Lawrence, Kansas and at Fort Riley, Kansas, from the date of their marriage on August 3, 1968, until December 15, 1968. This affidavit also alleged that this marriage had been annulled by the District Court of Geary County, Kansas, on February 25, 1970, and attached was a certified copy of decree of that court which in addition to annulling the marriage, recited that defendant was the father of the child David La Monte Grant and ordered him to pay child support in the amount of $50.00 per month. Apparently this Kansas decree received no further consideration by either the court or by counsel.

About a dozen affidavits and letters were filed on behalf of plaintiff, most of which were with respect to the merits of the divorce itself. Included was a letter from one Jeraldine Keister, case worker II, Division of Welfare, Jackson County, Missouri, which stated that the office would not release copies of letters received from

the defendant Arthur Lee Eames, concerning the paternity of the child David La Monte Grant. However, the letter did purport to summarize the contents of such letters and stated that Mr. Eames had in these letters admitted his paternity, had stated his intention to adopt the child and his intention to marry the plaintiff. Thereafter defendant, still in the Armed Forces, was transferred to Europe.

At no time in this proceeding was a single word of testimony heard, but nevertheless, on March 6, 1970, the court entered the following judgment, "Motion for temporary alimony and child support is sustained. Defendant to pay $100.00 per month temporary child support, $25.00 per month temporary alimony and partial attorney fee of $300.00."

Section 452.050, V.A.M.S., provides:

"No person shall be entitled to a divorce from the bonds of matrimony who has not resided within the state one whole year next before filing of the petition, unless the offense or injury complained of was committed within this state, * * *."

Plaintiff's petition alleged that she had been a *citizen* of Kansas City, Missouri, for one whole year next before the filing of the petition but it did not allege that she had been a *resident* as the statute requires. From the early days our courts have been very exacting in requiring that a divorce petition aver compliance with this residence requirement which is a prerequisite to jurisdiction.

In Cheatham v. Cheatham, 10 Mo. 296 (January Term, 1847), our Supreme Court spoke as follows:

"* * * there is one objection which has been made, disconnected with the insufficiency of the charge, which we think sufficient of itself to sustain the demurrer. It is not stated in the petition that the complainant has resided within the State one whole year next before the filing of the bill, nor does it al-

lege that the offense complained of was committed within this State, or whilst one or both of the parties resided within this State. One or other of these statements is made essential by the 4th section of the statute, to give jurisdiction to the court. * * *"

This case has been referred to with approval many times during the years since by our various appellate courts. Our own court in Gooding v. Gooding, 239 Mo.App. 1000, 197 S.W.2d 984, cited the Cheatham case with approval, and held (Syl. 1):

"Where petition for divorce failed to allege that plaintiff had resided within state one whole year next before filing petition, or that offenses complained of were committed within state while one or both of the parties resided therein, trial court had no jurisdiction over subject matter of action and judgment granting divorce must be reversed, even though the evidence established necessary jurisdictional facts."

While plaintiff in her motion for alimony and child support did state that she was born in Missouri and had never lost her residence and also alleged that some of the offenses complained of occurred within this state, still that motion did not purport to be an amended petition and therefore cannot under the decisions be ruled to comply with the jurisdictional allegation as to residence which is required to be in the petition. See also Coulter v. Coulter, 124 Mo.App. 149, 100 S.W. 1134, and Amerland v. Amerland, 188 Mo.App. 50, 173 S.W. 104. Although the word "citizen" may under some definitions of it, connote "residence" it does not necessarily do so and we see no reason to approve this nonconformity with the legislative requirement—especially since our courts have consistently and for so many years required simple but strict compliance. We believe that plaintiff's petition did not contain the necessary statutory allegation of residence which is required to confer jurisdiction on the court.

Appellant also complains that the court received affidavits as evidence without any stipulation of the parties consenting thereto; that he was thereby denied the right of cross-examination and that these affidavits should not be considered as evidence. We agree that absent a stipulation of the parties there is no authority for treating such affidavits as evidence, and in determining the issues therefrom.

There was a judgment of $100.00 per month for child support. The plaintiff's petition specifically alleged that no children had been born of the marriage, but stated that four and one-half years before the marriage the plaintiff had given birth to a child and that defendant was the actual father. She also alleged that the defendant had agreed to adopt the child. In addition to plaintiff's affidavit that defendant was the father, there is, of course, the letter from the Jackson County case worker in the welfare office in which she purports to summarize the contents of some letters from the defendant in which, she says, he admitted he was the father of the child, and expressed his intention to adopt the child and to marry plaintiff. Of course this letter is not admissible in evidence under any theory. We believe there was no evidence properly before the court which justified the allowance of child support.

We have thought it might be possible to approve these allowances (if the jurisdictional question were hurdled) on the basis of the assertions in plaintiff's petition that she is without funds and that the defendant is able-bodied and earned a substantial income. However, it is evident that the court entered the judgment and passed on these issues after giving consideration to the affidavtis which it had directed be filed. Such affidavits, as we have before stated, did not constitute proper evidence and should not have been considered. It may be that in the turmoil of this case, induced in part at least, by the inadequacies of counsel, the court was under the impression the parties had stipulated that these affidavits might be received and considered. The transcript, however, fails to reveal any such agreement or stipulation, and defendant protested their reception in his after-trial motion and on this appeal.

We would prefer in this case to defer to the findings and rulings of the trial judge, for whom we have the highest respect. Our examination of the file also leads us to conclude that equitably the issues are probably with the plaintiff. Nevertheless, we cannot approve this judgment, and for the plain errors which we have specifically pointed out herein, it must be set aside.

Judgment reversed and cause remanded.

DIXON, C., concurs.

PER CURIAM:

The foregoing opinion of MAUGHMER, C., is adopted as the opinion of the Court.

All concur.