**Mary Cella McFADDEN, Plaintiff-Respondent,**

v.

**James F. McFADDEN, Jr., Defendant-Appellant.**

**No. 34242.**

Missouri Court of Appeals, St. Louis District.

Feb. 22, 1972.

---

1. Section 559.353, RSMo., V.A.M.S.—a misdemeanor.

Gerritzen & Gerritzen, St. Louis, for defendant-appellant.

Gregory D. O'Shea, St. Louis, for plaintiff-respondent.

SIMEONE, Judge.

This appeal is from an order of the Circuit Court of St. Louis County denying the defendant-appellant's "Motion to set aside order of court" awarding attorney fees in an amount of $250.00 and $58.00 court costs to plaintiff-respondent's attorney.

In 1968, the plaintiff filed suit for divorce in the Circuit Court of St. Louis County against the defendant-husband.

On September 22, 1969, divorce was granted as prayed and the plaintiff was awarded custody of the five children of the parties, including James Frederick McFadden III. On January 21, 1971, defendant filed a motion to modify the decree, requesting the court to transfer the custody of James III to the defendant and requesting an order to cease child support for this child.

Thereafter, on January 25, 1971, interrogatories were directed to the defendant, requesting information concerning the defendant's income, accounts and indebtedness. Before the interrogatories were answered, and on February 1, 1971, the attorney for the plaintiff filed a motion on behalf of the plaintiff for attorney's fees pending litigation, suit money and court costs.

On February 17, 1971, the defendant filed his answers to the interrogatories. The answers disclosed the defendant's income, that he owned several shares of stock and that he had an average balance in "my two checking accounts" ranging between $200.00 and $500.00. The answers also disclosed that he had debts approximating $28,000.

The motion for attorney's fees and costs was set for hearing on March 4, 1971. On that date [1] the court called up the motion and sustained the motion for attorney's fees in the amount of $250.00 and ordered the defendant to pay court costs in the sum of $58.00. The order and judgment of that date noted that "defendant appears not" and "upon basis of interrogatories filed and answers submitted" [2] the motion was sustained.

On March 8, 1971, the defendant filed a motion to set aside the order of court entered on March 4. The defendant urged the court to set the order aside for the reason that the defendant's attorney was required to appear in another court on March 4 and so notified the plaintiff's counsel and the court by letter on March 1.

On March 9, the defendant filed numerous interrogatories directed to the plaintiff, and somewhat later the plaintiff answered them. Her answers indicated that she owned certain shares of stock and received dividends.

On April 30, the court denied the defendant's motion to set aside the order of March 4 and this appeal was taken and perfected.

Defendant contends that the court erred in ordering the attorney's fees and court costs because of insufficient evidence as to the defendant's financial worth and because there was "not a scintilla of evidence as to the plaintiff's financial worth"; thus there were no facts upon which to base an order for attorney's fees and costs.

At the threshold, we must dispose of plaintiff's motion to dismiss the appeal on the ground that the appeal "is frivolous and without any basis in fact or under the law and is therefore improper. . . . "

▬▬ While this court will not hesitate to invoke the proper rules on appeal, a reviewing court is reluctant to invoke the drastic penalty of dismissing an appeal if there is merit to it. Cf. Holt v. Queen City Loan and Investment, Inc., 377 S.W. 2d 393, 395. We hold that there is merit to this appeal and overrule the motion to dismiss the appeal.

▬▬ We turn to the merits. Allowance of counsel fees and suit money for a wife in either a divorce action or in a proceeding incidental thereto is grounded upon the premise that the wife is entitled to litigate her rights and is not precluded from doing so because the family money is controlled by the husband. The award is not a punishment nor is it automatically to be

---

1. The memorandum on the hearing was apparently erroneously dated March 3, 1971 because the memorandum bore the court's file stamp dated March 4, 1971.

2. Referring to the interrogatories filed by the plaintiff on Jan. 25, 1971 and the answers of the defendant filed on Feb. 17, 1971.

made because she is the wife. Whether a wife is to receive attorney's fees depends on whether the wife is possessed of sufficient means of her own to prosecute the suit; if she has sufficient means to present her side of the dispute there is no reason to require the husband to finance her litigation. Lester v. Lester, Mo.App., 452 S. W.2d 269, 270; Baer v. Baer, Mo.App., 51 S.W.2d 873, 880.

 Wide discretion is vested in the trial court in making an award; but while the court has this discretion, there must be "evidence establishing the need of the wife to have the expense of the litigation borne by the husband. It is this need which warrants the award." Lester, *supra*, 452 S.W. 2d at 271.[3]

 At the time the motion of the plaintiff for attorney's fees and costs was sustained by the trial court, the only evidence available to the court were the answers of the defendant to plaintiff's interrogatories. At that time there was no evidence as to the income of the wife, her needs and circumstances. There was no evidence presented to the court of her financial circumstances, her income, the debts which she might have or anything else which would demonstrate a necessity for the husband to pay the costs of the litigation. Nor was there any evidence concerning the extent of and necessary services to be rendered by her counsel so that the appellate court could examine such evidence. Jeans v. Jeans, Mo.App., 300 S.W. 2d 870, 873. Under such circumstances, at the time the award was made, the court had insufficient evidence on which to base the award for attorney's fees and court costs.

Under such circumstances, it would be proper to have a rehearing on the plaintiff's motion.

Since there is to be a new hearing, there is no necessity to discuss the other point raised by the appellant—that the defendant's attorney was unable to be present when the court proceeded to grant the plaintiff's motion for attorney's fees. The trial court is allowed great latitude in such situations.

Judgment reversed with directions that the trial court's order for the allowance of attorney's fees and suit money be set aside and a rehearing on the motion granted.

BRADY, C. J., and DOWD, SMITH and C. WEIER, JJ., concur.

---

3. The factors entering into the consideration of the award of alimony and attorney's fees were set forth in detail in

Ridgley v. Ridgley, Mo.App., 370 S.W.2d 679, 683–684.