E_____ D_____, Respondent,

v.

T_____ D_____, Appellant.

Nos. 25898, 26025.

Missouri Court of Appeals, Kansas City District.

July 6, 1972.

Robert B. Randolph, St. Joseph, for appellant.

Arthur J. Meers, St. Joseph, for respondent.

PRITCHARD, Judge.

This is a consolidated appeal of two cases, the first of which (No. 25898) is from a judgment denying requested modification of a divorce decree as to custody of three minor children born of the marriage of the parties and awarding respondent ex-wife $250.00 attorney fees. The second appeal is from a judgment later entered awarding respondent an additional attorney fee and suit money of $500.00 for this appeal.

Appellant's position as to his claimed right of custody is that respondent lived with a man in the presence of the children: "Her open and brazen conduct with A——— in the continuous presence of the children renders Respondent an immoral person and her conduct directly affects and seriously jeopardizes the spiritual, moral and physical well-being of the children."

The parties were divorced on August 30, 1963, and custody of the three children, two girls and a boy, aged respectively at the time of this hearing, 12 years, 9 years and 11 years, was awarded the wife with visitation rights to the husband. Appellant was in arrears in child support payments up to 1967, but since that year his payments have been currently made. Apparently the precipitating cause of the filing of appellant's present motion was the fact that the youngest girl and the boy ran away from respondent's home, where they were staying with A——— and were picked up by a passing motorist on a highway leading to appellant's home and were taken there. Appellant then telephoned for respondent, and she not being home, he talked to A——— and learned that he was living with respondent.

Respondent was living in a three bedroom, one bathroom, second floor apartment in St. Joseph, Missouri. The rent was $140.00 per month. Respondent was working six days a week, with Sundays off, at the rate of $2.00 per hour. She first met A——— on January 1, 1971, and during that month she and the children stayed in his house in Platte City, Missouri, for several nights, her explanation for staying there being that they were snowed in. In March, 1971, A——— moved into respondent's apartment and lived and slept there every night. Respondent married A——— on May 27, 1971, after appellant filed his motion to modify the order of the children's custody. At the time of trial, July 15, 1971, A——— was employed, but had been unemployed since January, 1971.

Respondent denied any improper relations with A———, either while he lived in her apartment or during the time she and the children stayed with him in Platte City. As to her conduct during these times, she testified: "Q. You never, prior to your marriage, embraced John in the presence of the children? A. I suppose I have. Q. Kissed him? A. Yes. The children have kissed him also. Q. Do you think the conduct of living regularly with a man in the presence of your children, Mrs. D———, do you think this is moral or immoral? A. I did nothing immoral in front of the children. Q. I didn't ask that. I asked you— A. (Interrupting) Under the circumstances I don't think so. Q. You don't think it was immoral? A. No. Q. You don't think it was against the interest of your children? A. No. Q. You have a young daughter who is coming of age and you don't think that is immoral in her presence? A. What I did I do not think was immoral."

■ Regardless of suppositions and suspicions which might arise from the presence of a man in respondent's home, there is not one iota of evidence that she did any act of an immoral nature in or out of the presence of the children which would jeopardize their spiritual, moral and physical well being as claimed. Respondent definitely and unequivocally denied any improper relations with A——— in the presence of the children. There was no direct evidence produced by appellant to the contrary. He had the burden of proof on the issue of respondent's moral fitness to have continued custody of the children, this being the basic allegation of a changed condition, since the divorce. Smith v. Smith, Mo.App.,

435 S.W.2d 684. Under all of the evidence it is apparent that respondent has taken very good care of the children, and no facts with respect to that have been shown by appellant to prove that she left them alone for long periods of time, that she did not provide proper living facilities for them, properly clothe and groom them, or permit them to wander unattended over town as alleged. The trial court did not err in refusing to modify the decree as to custody.

■ Although there was evidence of the respective incomes of the parties, appellant's take-home pay being $75.00 to $80.00 per week, and respondent's about $96.00 per week, and that appellant had paid respondent $1,820.00 child support during the past year, there was no evidence that respondent actually needed and that she could not pay the $250.00 attorney fee allowed by the court at the conclusion of the trial. Such evidence is essential to an award of attorney fees. Lester v. Lester, Mo.App., 452 S.W.2d 269, 270 [4–6], and cases cited. However, in accordance with the order of remand in the Lester case, respondent may be able to develop her need for and inability to pay for her own attorney fees and she should have that opportunity, counsel having rendered services to her during the trial.

■ The allowance of $500.00 attorney fees for this appeal, which was requested and granted after the original notice of appeal, stands upon a different footing. Although there was likewise no evidence of respondent's need for this latter allowance, the granting of the same contemplates the additional consideration that prospective services will be rendered and time will be spent by counsel in preparing a brief and thereafter appearing in this court for oral argument. No brief was filed by respondent's counsel and he was therefore not permitted to argue because there was nothing presented to the court in respondent's behalf. For all that appears, nothing was done by counsel after the motion was sustained and the award of attorney fees made. Under the circumstances, it cannot be sustained.

That part of the judgment overruling the motion to modify the decree as to child custody is affirmed. That part of the judgment awarding $250.00 attorney fees is reversed and is remanded for further proceedings. That part of the judgment awarding $500.00 attorney fees for this appeal is reversed.

All concur.