**Ona Easter STANFILL, Plaintiff-Respondent,**

v.

**Trentis Lee STANFILL, Defendant-Appellant.**

**No. 35060.**

Missouri Court of Appeals,
St. Louis District,
Division One.

Jan. 29, 1974.

for temporary custody, alimony and support. The motion was submitted to the court, and a part of the court order following submission stated: "Defendant ordered to pay Plaintiff's attorney $300.00 for attorney's fees on account." Defendant Trentis Lee Stanfill, on appeal, directs a two-pronged attack at this portion of the judgment. First, he contends that an allowance of attorney's fees cannot be awarded to plaintiff's attorney. This is correct. An allowance for support of the wife, suit money and attorney's fees is in the nature of alimony. Such an allowance must be awarded to the wife, and no allowance can be made to her attorney because her attorney is not a party to the suit. Hogsett v. Hogsett, 409 S.W.2d 232, 234 [1–3] (Mo.App.1966).

Defendant's second contention is directed to the plaintiff's failure to meet her burden of proof that she had no means to pay her attorney's fees. Contained in the transcript was a verified income and expense statement of Ona Easter Stanfill and her verified financial statement. This had been filed with the court on July 26, 1972. On September 6, 1972, at the time the motion was submitted to the court and the award of attorney's fees made, no testimony was taken and no stipulation of counsel as to the admissibility of these verified statements was entered into by the attorneys for the parties. Absent a stipulation of the parties, there is no authority for treating affidavits as evidence. Eames v. Eames, 463 S.W.2d 576, 579 [2] (Mo. App.1971). Here there was no attempt to introduce the verified statements, and even if such an attempt had been made, they could have been rejected by the court as self-serving declarations since they were made by a party to the litigation in her own interest at a place and time out of court. Gibson v. Smith, 422 S.W.2d 321, 328 [9] (Mo.1968); Troyer v. Click, 457 S.W.2d 221, 222 [1], 223 [n. 3] (Mo.App. 1970). And before any award of suit money and attorney's fees in the prosecution of a motion to modify is allowed, there must

--------◆--------

William J. Fletcher, Clayton, for defendant-appellant.

Thomas M. Lang, Clayton, for plaintiff-respondent.

WEIER, Judge.

Plaintiff Ona Easter Stanfill filed a motion to modify an order of the court

be evidence establishing the need of the wife to have expenses borne by the husband. McFadden v. McFadden, 477 S.W. 2d 722, 725 [5] (Mo.App.1972).

Since there is no competent evidence to support it, the judgment is reversed.

SIMEONE, Acting P. J., and KELLY, J., concur.