**Zella Maxine LARISON,
Plaintiff-Respondent,**

v.

**Robert Lee LARISON,
Defendant-Appellant.**

**No. 35982.**

Missouri Court of Appeals,
St. Louis District,
Division Three.

April 22, 1975.

Motion for Rehearing or for Modification or to Transfer to Supreme Court Denied May 19, 1975.

Application to Transfer Denied July 14, 1975.

Ellsworth W. Ginsberg, Clayton, for defendant-appellant.

Cundiff & Turken, St. Charles, for plaintiff-respondent.

GUNN, Judge.

This appeal arises out of a dissolution of marriage action involving custody of a child. The defendant husband appeals from an order, judgment and decree awarding custody of a minor child to the plaintiff-wife together with an award for maintenance, child support and attorney's fees and costs. The husband alleges that the trial court erred: 1) in granting custody of the child to the wife; and 2) in awarding the wife maintenance of $5.00 per week, child support in the sum of $25.00 per week and attorney's fees of $1,800. The husband's challenge to the judgment is that there was insufficient evidence to support the trial court's rulings. No challenge is raised as to the termination of the marriage between the husband and wife.

We first consider the issue of child custody. It is within the sound discretion of the trial court to determine what is in the best interest and welfare of a child in a

child custody dispute. Hinson v. Hinson, 518 S.W.2d 330 (Mo.App.1975). The court of appeals will not disturb a child custody decree of a trial court unless there has been an abuse of discretion or unless the court is convinced that the child's welfare requires some other disposition than that made by the trial court. Hugeback v. Hugeback, 444 S.W.2d 23 (Mo.App.1969); Payne v. Payne, 399 S.W.2d 619 (Mo.App.1966). Our review of the record gives us no reason to disturb the trial court's finding as to the award of custody of the child to the plaintiff-mother.

The husband has alleged that the trial court's award of maintenance, child support and attorney's fees was made without sufficient evidence to support such order. At the time of trial, the wife had been employed as a waitress in a small restaurant in Rogersville, Missouri, earning $1.25 an hour and receiving very little from tips. She worked, at most, a 40 hour week, and prior to her current job she had taken home only about $19.00 per week. Her only other source of income was a welfare benefit check of $80.00 a month. Her only asset was a marital interest in a 1972 pickup truck kept by the husband. Thus, her financial worth scarcely allowed for sybaritic living. Even if it could be found that the earnings or financial resources of the wife were sufficient to provide the bare necessities for her and her child, a court may still order a father to pay support money to the custodial mother. Williams v. Williams, 510 S.W.2d 452 (Mo. banc 1974). We find from the record that the father had sufficient income to justify the award of child support money in this case. see Page v. Page, 516 S.W.2d 537 (Mo.App.1974). At the time of trial the husband's wages were $188.33 per week from one job, but there was evidence that he received income from time to time from a second job. His earnings for the year prior to trial were $12,000. In setting the amount of child support, the trial court has the obligation to determine the reasonable needs of the child and the reasonable ability of the father to meet those needs. Fugate v. Fugate, 510 S.W.2d 705 (Mo.App. 1974); McM. v. McM., 506 S.W.2d 14 (Mo. App.1974). Determination of the amount awarded rests within the sound discretion of the trial court, and we find no abuse of the trial court's discretion in this case in awarding child support of $25.00 per week. Fugate v. Fugate, supra; Bryan v. Bryan, 452 S.W.2d 293 (Mo.App.1970). Similarly, the allowance of alimony is within the discretion of the court, and we find no abuse of the trial court's discretion in awarding the wife $5.00 per week alimony in this case. Forrest v. Forrest, 503 S.W.2d 80 (Mo.App.1973).

A wife is allowed attorney's fees where she does not possess sufficient means of her own to finance the litigation, but there must be evidence to establish the wife's need to have the expense borne by the husband. McGinley v. McGinley, 513 S.W.2d 471 (Mo.App.1974); McFadden v. McFadden, 477 S.W.2d 722 (Mo.App.1972). Broad discretion is vested in the trial court in making an award of attorney's fees, and if the disparity of means to pay is sufficient, the wife should be allowed to look to her husband for payment of attorney's fees. McGinley v. McGinley, supra; Lester v. Lester, 452 S.W.2d 269 (Mo.App.1970). Upon evaluation of all circumstances and evidence, particularly that of the wife's meager income and the husband's ability to pay, we find that the awards here made for child support, alimony and attorney's fees were sufficiently supported by competent evidence.

The judgment is affirmed.

SIMEONE, P. J., and McMILLIAN, J., concur.