Raymond W. MURPHY, Appellant,

v.

Dorothy Foster MURPHY, Respondent.

No. KCD 27767.

Missouri Court of Appeals,
Kansas City District.

May 3, 1976.

John C. Russell, Law Offices of Raytown, Dale Beal, Kansas City, for appellant.

Robert B. Wurdack, Kansas City, for respondent.

Before SHANGLER, P. J., and SWOFFORD and SOMERVILLE, JJ.

PER CURIAM.

The appellant husband brought an action for the dissolution of marriage alleged to be irretrievably broken. The petition conceded the fitness of the wife for the custody of the three minor children born to the parties. The answer of the respondent wife denied that the marriage was irretrievably broken but sought no affirmative relief. In the course of the proceeding the respondent moved for temporary orders of maintenance, support money, attorney fee and other relief in the form sanctioned by § 452.315.

It is apparent from the record brought up on appeal that the court did not rule the motion for temporary orders. The final judgment entered denied dissolution, but granted custody of the three minor children to the respondent and ordered the appellant father to pay $100 per month per child, maintenance to the respondent of $150 per month and an attorney fee of $750.

On this appeal, the husband contends error in that (1) the affirmative relief granted the wife was not requested, and thus beyond the jurisdiction of the court to grant (2) that the denial of the dissolution was an abuse of discretion, and (3) the grant of the allowances was excessive and thus an abuse of discretion.[1]

■ The requirements of pleading under the Divorce Reform Act [§§ 452.300 to 452.415] enumerated in § 452.310 include a statement of the relief sought. The petition for dissolution made no request for the awards actually entered, but there can be no doubt that the issues of child support and maintenance were not only tried with the express consent of the appellant husband but at his initiative. The husband answered the direct examination of his counsel:

Q. Okay. All right. And you are asking the Court for a dissolution of the marriage?

A. Yes, sir, I am.

Q. And the custody of the children to your wife, and that the Court determine the child support that you are to pay?

A. Yes, sir.

Q. All right. And you are not wanting to pay any alimony or maintenance to her, is that correct?

A. Right, sir.

■ The wife made riposte to these requests for judgment by testimony that her

---

1. The question whether a grant of custody, money for support, maintenance and attorney fee may be allowed as incidents of a petition for dissolution of marriage where the dissolution has been denied was not raised and is not before us.

needs were for allowances of $450 per month for the support of the children and $200 as maintenance. She testified that she had borrowed $750 to pay her attorney and that she was asking the court for an award in that sum to repay the debt. The husband made no objection to these counter-requests. Our civil procedure recognizes that when issues not raised by the pleadings are tried by consent of the parties, they are treated as if they had been pleaded, and the failure to amend to conform to the proof, if not formally requested and made, is presumed and will not affect the trial of the issues. Rule 55.33; *Rogers v. Rogers*, 430 S.W.2d 305, 308 (Mo.App.1968).

■ The second point, that the court abused a discretion in the denial of the dissolution, is equally without merit. The evidence of the parties on this issue was countervailing. Each accused the other as the cause of the domestic infelicity. The wife insisted, withal, that despite his immediate shortcomings, the marriage was not broken beyond repair, and the court agreed. We defer to the opportunity of the court to adjudge the credibility of the witnesses. Rule 73.01(3)(b).

■ The third point on appeal is that the allowances were excessive. The evidence on this issue was not disputed and the question is merely whether the court abused its discretion in the assessment of the awards. *Larison v. Larison*, 524 S.W.2d 159, 161[4–10] (Mo.App.1975). The husband testified to earnings of $800 per month and expenses of about $350 per month. The wife was unemployed and was fit only as a waitress which, when so employed, paid wages of about $60 per week. According to her testimony, her needs and those of the three children amounted to $650 per month. The entry of judgment for monthly support money of $100 for each child and $150 maintenance for the wife was reasonable, both as to the needs and the ability to fulfill them, and comports with the provisions of the Act.

The judgment of the trial court is supported by the evidence; an extended opinion would have no precedential value. Accordingly, the judgment is affirmed under Rule 84.16(b).