**William L. RISSLER, Appellant,**

v.

**Donna L. RISSLER, Respondent.**

**No. KCD 27473.**

Missouri Court of Appeals, Kansas City District.

Aug. 30, 1976.

Robert H. Kendrick, Joseph B. Polette, Kansas City, for appellant.

Downs, Pierce & Turner, James O. Turner, St. Joseph, for respondent.

PRITCHARD, Chief Judge.

This is an appeal from an award to respondent for her attorneys' fees in the amount of $3,000.00 in a proceeding to modify a divorce decree. The grounds asserted

by appellant for error are (1) That respondent failed to produce sufficient evidence that she was unable to meet the expense of litigation; (2) That she failed to produce sufficient evidence of the value and reasonableness of the legal services performed by her attorneys; and (3) That the award was grossly excessive and was an abuse of discretion by the court.

The motion to modify the divorce decree was filed by respondent July 17, 1973, and was overruled by the trial court on March 19, 1974. After respondent filed her motion appellant also filed a motion to modify the decree, and an amended motion also, which was filed August 13, 1973. On October 31, 1973, appellant filed a motion to quash an execution for child support, which execution was quashed by agreement upon his payment of the child support due and the costs. On January 7, 1974, appellant filed interrogatories to respondent which were answered. On January 10, 1974, he filed an application for a continuance. On January 22, 1974, he filed a motion to compel respondent to make discovery. It is not precisely clear in the record, but it appears that appellant had in his possession certain transcripts of tape recordings and the tapes which apparently recorded office conversations between one of respondent's attorneys and her. There followed a request by respondent that appellant produce the tapes and transcripts, and after hearing, the court ordered him to produce the tapes, to which he agreed on March 4, 1976. Then appellant filed an answer to the order to produce the tapes and transcripts in which he denied having the taped statement. Respondent then filed a motion to strike appellant's pleadings and motion to modify "and for order requiring plaintiff to pay the reasonable expenses, including attorney fees, caused by plaintiff's failure to obey the court's order", and further for a reasonable attorney fee for appellant in this cause. After a lengthy hearing, the court struck appellant's pleadings, and the matter proceeded to a hearing on respondent's motion to modify. The entire proceedings are contained in a transcript of 210 pages. One of respondent's attorneys stated that he felt "there is approximately one hundred hours, plus numerous hearings, at least three or four hearings we have been up here on this matter." Mr. Maurice Pope, a practicing attorney in St. Joseph, Missouri, testified as to the reasonableness of the fee: "THE WITNESS: Well, I think he testified he had spent one hundred hours, is that correct? MR. TURNER: I would say approximately. I didn't itemize it, but I would say that is most conservative. I know at least that much. THE WITNESS: Of course, I don't know anything about the case, but I would say that if you have one hundred hours expended that it should be worth thirty dollars an hour."

Respondent testified that she had the custody of three children: a son 18 years of age, who was out of school and would work the following summer and who was being encouraged by her to go to college; two daughters, ages 15 and 12. Respondent lived in an all brick home in the country for which she was offered $45,000, and she has asked $50,000. At the time of the hearing, the balance of the loan on the residence was $21,000, and she made the payments on the loan. Respondent received $2,500 alimony in gross at the time of the divorce in 1973. Her residence is large, with a three-car garage, air conditioning, central intercom stereo system, color television, piano, grandfather clock and other furniture and appliances. She worked in the Farmers Bank of Stanberry for which she received take-home pay of $265 per month. Appellant paid her $300.00 per month as child support. She computed her expenses for the support of herself and the children at $737.14 per month, which as the trial court found, left her a deficit each month at $172.14. Appellant, according to a financial statement given February 25, 1973, to a savings and loan association, had a net worth of $40,000. He was a builder of homes, having contracts of purchase upon five lots. He was also engaged in the life insurance business as a general agent for Life Investors Management Corporation. In 1972, he made $7,792.16 total commissions from the company, and in 1973, he made $13,953.97. During all of these proceedings appellant

represented himself, taking the position that he could not afford to employ an attorney.

It is true that respondent failed to allege in her request for the allowance of attorney fees that she was without funds to meet the expense of litigation. In the posture presented, although it is the better procedure, no such allegation was needed. All that is required is that there be evidence that a spouse has not sufficient means to pay the costs of litigation, including attorney fees. *Lester v. Lester*, 452 S.W.2d 269, 270[4–6] (Mo.App.1970), where it is said, "Great discretion is vested in the trial court in determining the circumstances under which an award will be made and the amount. [The discretionary factor is present in this case.] But over the threshold of such discretion must cross evidence establishing the need of the wife to have the expense of the litigation borne by the husband." [Bracketed material added.] See also § 452.355, RSMo (Laws 1973, p. 470, § 12, effective Jan. 1, 1974), *Larison v. Larison*, 524 S.W.2d 159 (Mo.App.1975); *L___ J___ S___ v. V___ H___ S___*, 514 S.W.2d 1 (Mo.App.1974). Here the evidence is that the respondent's income, including the child support paid by the appellant, is far less than his. Obviously, from the record, appellant is in a superior position to that of respondent of remaining successfully and gainfully employed. The evidence shows that respondent has no available or surplus funds to pay her attorney fees. The matter turns upon the evidence of their respective incomes. *Swanson v. Swanson*, 464 S.W.2d 225, 229[6–9] (Mo.1971). This disposes of appellant's first contention adversely to him.

The trial court had the entire file in this case before it, and it was suggested by respondent's counsel that the court take judicial notice of that file. Respondent's counsel stated that he has spent, conservatively, at least 100 hours on the case. The trial court noted that appellant was responsible for the delay in the disposition of the case by his resistance to discovery, that recalcitrance resulted in appellant's counter

motion to modify being stricken. Mr. Pope testified that the $3,000 fee was reasonable for the 100 hours of counsel's time, as being advisory to the court. "The amount of attorney fees is left largely to the discretion of the trial court for the reasons stated in *Keefe v. Keefe*, Mo., 435 S.W.2d 313, 317[6, 7] and cases cited." *Swanson*, supra, loc. cit. 464 S.W.2d 229. The allowance here was supported by the evidence, it was not grossly excessive, and did not constitute an abuse of discretion by the court. Appellant's second and third contentions are ruled against him.

The judgment is affirmed.

All concur.